GRIFFIN<br>v.<br>GOFF.

Judgment reversed.

### GRIFFIN *against* GOFF.

THIS was an action of *assumpsit,* on a promissory note, brought by the plaintiff as endorsee, against the defendant as endorser, tried at the *Jefferson* circuit in *June* last, before Mr. Justice *Spencer.*

The note was for 255 dollars, drawn by one *Johnson,* at *Ogdensburgh, August* 12, 1814, payable to the defendant, or bearer, the 1st day of *December* (then) next. The defendant endorsed the note in the following words: " I order the contents of the within note to be paid to *Daniel Griffin.*     *Nathan Goff.*"

A demand of payment of a promissory note cannot be made until on the third, or last day of grace, unless that day be *Sunday,* in which case, it may be made on *Saturday,* or the second day.

Where a demand of payment is made on the day on which a note is payable, and notice is given to the endorser on the third day thereafter, the *endorser* is not liable; and a subsequent promise to pay will not make him liable, unless it be explicit and unequivocal, and with a full knowledge of all the facts.

A witness for the plaintiff testified, that, on the 1st of December, 1814, he went to *Champlin*, where *Johnson*, the maker of the note, resided, to demand payment; that the maker was not at home, and could not be found, and no person was there to pay the note. On the third day thereafter, the witness went to the house of the defendant, at *Ogdensburgh*, in *St. Lawrence* county, for the purpose of giving him notice of the non-payment of the note; but the defendant was not at home; and he gave notice to a person who was there, who said he was the clerk of the defendant, of the non-payment of the note, and that the plaintiff would look to the defendant for payment of it; and the clerk promised to inform the defendant, accordingly, as soon as he returned home. It appeared that a short time before the trial, the defendant being asked whether he had any defence to the suit, said, "he knew of no defence." On this evidence, a verdict was taken for the plaintiff, subject to the opinion of the court, on a case containing the above facts, and which was submitted to the court without argument.

SPENCER, J., delivered the opinion of the court. It is perfectly settled, that to fix an endorser, the holder must demand, or use due diligence, to obtain payment of the note, when it becomes due; and that when the maker makes default, he must give notice thereof, with due diligence, to the endorser. It is equally well settled, that when a negotiable note is endorsed, it is not demandable until the third day of grace, unless the third day be *Sunday*, in which case it is due on the second day; and that where notice is given to the endorser, prior to the demand on the maker, it is null, as the drawer was not in default when the notice was given. These principles were recognised and enforced in the case of *Jackson* v. *Richards*. (2 *Caines*, 343.) In the present case, the demand of payment being made, at the house of the drawer, before the note was payable, is as no demand; it was a perfectly nugatory act; payment might have been demanded, with as much propriety, on the day the note was given. There was then no default on the part of the drawer, for the want of demanding payment on the last day of grace, and, consequently, the notice to the endorser was a nullity.

In *Duryee* v. *Dennison*, (3 *Johns, Rep.* 248.) it was decided, that if an endorser has not had regular notice of non-payment by the drawer, yet if, with a knowledge of that fact, he makes

a subsequent promise to pay, it is a waiver of the want of due notice. The same principle was also recognised in *Miller* v. *Hackley*, (5 *Johns. Rep.* 385.,) and in that case it was proved, that the defendant said that he would take care of the bills, or see them paid. The court held that this was not enough, that the promise ought to be clearly and unequivocally made out.

NEW-YORK, Oct. 1815.

Here there is no promise. The defendant knew of no defence. This is extremely slight; and by no means waives any objection which the law puts into his hands.

Judgment for the defendant.