### McKinster *vs.* Bank of Utica.

A *bank*, where a note is left for collection, are chargeable either in *case* or *assumpsit* for neglecting the proper measures to charge endorsers.

Where A. was the holder of a negotiable note and turned it out to B. as collateral security for the payment of a debt due to the latter, who left the note at a bank for collection, and the bank neglected to give notice of non-payment to the endorsers, whereby the money specified in the note was lost to A. who was obliged to pay its amount to B., *it was held*, that an action lay against the bank *at the suit of A.*, although he never had any intercourse with the bank in relation to the note.

So also *it was held*, that the suit was properly brought in the name of A., although it appeared that he had assigned his interest in the note to third persons.

THIS was a special *action on the case* against the defendants, for neglecting to give notice of the non-payment of a note left with them for collection, tried at the Herkimer circuit, in March, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The plaintiff was the holder of a note for $600, made by J. C. Dann, endorsed by D. Sprague and J. Dygert, bearing date

2d October, 1827, payable at the bank of Utica seven months after date. Being indebted to one W. J. Pardee in the sum of $1500, McKinster delivered the note of Dann to Pardee as collateral security, who was authorized to receive the money thereon, and apply the same towards payment of the debt due to him. Previous to the note becoming due, Pardee left it at the bank of Utica for collection. The note having become due, and notice of non-payment not having been given to the endorsers, Pardee took the note from the bank and called on the plaintiff for payment who, in the *summer* of 1828, paid him the amount thereof, and the note was re-delivered to the plaintiff. Previous to its becoming due, *Dann* the maker, and *Sprague* one of the endorsers, became insolvent. *Dygert*, one of the endorsers, when the note became due, was solvent and able to pay, but has since become insolvent. On the 1st October, 1828, McKinster assigned the $600 note to Mary Protheroe and Asa Fuller, the proceeds of which, when collected, to be applied to the payment of certain debts due to his assignees, and to indemnify them and certain other persons who had become his sureties for the payment of monies owing by him. In December, 1828, McKinster assigned all his estate, and obtained a discharge as an insolvent debtor. In the inventory of his estate the $600 note is specified, but no claim is therein made against the bank on account of the note. In addition to evidence before given further to prove the insolvency of Dann, the plaintiff gave in evidence a judgment against him in favor of Pardee, obtained in October, 1828, in a suit on the $600 note, commenced 17th May, 1828 ; and also gave in evidence an execution thereon returned *nulla bona*, in February, 1829 ; this evidence was received, although objected to by the defendants. The counsel for the defendants raised various objections to a recovery, all of which were overruled by the judge, who submitted to the jury the question whether the note was or was not left with the defendants *for collection*, the evidence as to that fact being contradictory ; the testimony on the part of the plaintiff being positive that the note was so left, and on the part of the bank that it was offered *for discount*, and having been rejected, was put among other rejected notes in the bank, and was never called for, or

any instructions given in relation to it until after its maturity. The jury found for the plaintiff, for the amount of the note and interest. The defendants move for a new trial.

*S. Beardsley*, for the defendants.

*J. A. Speneer*, for the plaintiff.

*By the Court*, SUTHERLAND, J.   The question whether the note was or was not left with the bank, and received by them for *collection*, was distinctly and fairly submitted by the judge to the jury, and they have found that it was. The evidence upon this point was contradictory, and the verdict of the jury must be held conclusive.

It was admitted that no notice had ever been given by the defendants to the endorsers. That it is the duty of a bank with whom negotiable paper is left for collection, to take the necessary measures to charge the endorsers, upon default of the maker, and that they are responsible to the owner of the note for a neglect or omission to perform such duty, is fully established by the case of *Smedes* v. *The Bank of Utica*, 20 *Johns. R.* 372, and the same case in error, 3 *Cowen*, 663. That was an action of *assumpsit*, charging the omission of the defendant to give notice to the endorsers as a violation of an implied contract. Here it is charged as a breach of duty; either form of action may be maintained. *Govell* v. *Radnige and others*, 3 *East*, 62, and particularly Lord El-lenborough's opinion, 69, 70. *Dickson* v. *Clifton*, 2 *Wilson*, 319. 1 *Chit. Plead.* 134, 5, *tit. Action on the case.*

The principal, not the only question in this case, is whether the action is properly brought in the name of the present plaintiff. The note in question bore date the 2d day of October, 1827, and was payable seven months after date, to wit, the 5th of May, 1828. It appeared from the testimony of William J. Pardee that the plaintiff being indebted to him in the sum of $1500, after the note was made, and before it was payable, turned out this and another note for $300, in part payment of said debt. That the agreement was, that if the notes were paid, the amount was to be applied by the witness

to his debt; but if not paid, the plaintiff was still to be respon-
sible. The witness stated in express terms that he did not
consider himself the owner of this note; but he had the con-
trol of it, and the money would have been his if the note had
been paid. The plaintiff paid the witness the amount of this
note after it was received back from the bank, and the wit-
ness then returned the note to the plaintiff. The witness
left the note at the bank, and the plaintiff never had any in-
tercourse with the bank in relation to it. Under these cir-
cumstances the defendants contend that their contract, what-
ever it was, was made with Pardee, and that the action
should have been brought in his name, and not in the name
of McKinster. If the action had been assumpsit, it might
have been necessary to have stated the arrangement with
the bank and the agency of Pardee in the transaction with
more particularity than is done in this declaration. But even
assumpsit might have been maintained in the name of Mc-
Kinster, upon the evidence of Pardee. McKinster was the
only person legally interested in having the endorsers duly
charged; he was absolutely bound to pay the amount of this
note to Pardee, if the note itself was not paid at maturity.
The property of the note was not vested in Pardee; he held
it as collateral security only, to be returned if not paid. The
undertaking of the defendants to give notice to the endorsors
of the non-payment of the note by the maker, was for the ben-
efit of the plaintiff. The legal interest in such contract was
in him alone, and even an action of assumpsit not only might,
but should have been brought in his name. 1 *Chit. Plead.* 3,
4, 5, *and cases there cited.* His right to maintain the action
in its present form is still more clear. The injury has fallen
upon him, and he is entitled to the redress which the law
affords. 1 *Chit. Pleadings,* 135.

But this suit is in fact brought for the benefit of Asa Fuller
and others, to whom this note, with whatever claim the plain-
tiff had against the defendants in relation to it, was assigned
by the plaintiff, on the 1st October, 1828. Another note for
$300 was also signed at the same time, and the debts for
the security of which they were assigned, exceeded $1400;

so that if this assignment was valid, of which there is no question, the plaintiff had no interest in this note remaining in himself ; and of course none passed by his assignment under the insolvent act made on the 30th December, 1828 ; and the point raised by the defendants, that those assignees should have been a party to this suit, is disposed of. Although the plaintiff's interest in this cause of action passed by the assignment of the 1st of October, 1828, to Asa Fuller and others, the suit was properly, and of necessity, brought in his name.

The insolvency of Dann, the maker of the note, was sufficiently proved, independently of the judgment and execution and return, which were objected to by the defendants. If improperly admitted, therefore, it would not, upon a case, be a sufficient ground for a new trial.

On the whole, I am of opinion that the motion for a new trial ought to be denied.