M'CULLOCK vs. COMMERCIAL BANK.

M'CULLOCK
vs.
COMMERCIAL
BANK.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

A bank taking a note for collection, becomes the mandatory or agent of the holder or depositor, only ; there is no privity between it and any of the endorsers, or other parties to the note. Its responsibility is only to those who employ it.

So, where a note is deposited for collection, and the notary of the bank fails to give notice of protest to the first endorser, who is thereby discharged ; the second endorser who takes it up, has no recourse against the bank.

A second endorser wishing to hold the first responsible to him, should give him notice of protest ; and for this purpose the law gives him until the next day to notify his prior endorser.

This is an action by the second endorser of a note against the Commercial Bank, to make it liable for failing to have notice of protest given to the first endorser, who was thereby discharged.

The plaintiff alleges that a note for three hundred and ten dollars signed by J. Peebles, payable to the order of Geo. Sargent, who endorsed it in blank, as also Robert M'Cullock the plaintiff himself. It was likewise endorsed by Edmund Harding who was the holder, and deposited in the Commercial Bank for collection. On being protested at maturity for non-payment, the notary failed to give notice to Sargent the first endorser. M'Cullock the present plaintiff, paid the note to Harding and sued Sargent as first endorser. He was released for want of notice. He now sues the bank to make it liable for the omission of its notary to give this endorser notice, and prays judgment for the amount of the note and interest, with all the costs of protest, and the suit against Sargent, &c.

The defendants pleaded a general denial ; and denied specially that they were the agents of the plaintiff; or in any way responsible for the acts or omission of the notary, or that he was guilty of any omission of duty. Upon these pleadings and issues, the cause was tried. The record and

judgment of the suit against Sargent, in which he was releas-
ed as endorser, was produced in evidence. The facts of the case were all made to appear nearly as alleged.

There was a judgment of non-suit and the plaintiff appealed.

*Mitchell*, for the plaintiff and appellant.

*C. M.* and *F. B. Conrad*, for the defendant.

*Garland, J.*, delivered the opinion of the court.

On the 24th September, 1839, J. Peebles gave Geo. Sargent, his note for three hundred and ten dollars, payable sixty days after date, who transferred it to plaintiff by endorsement, he transferred it to one Edmund Harding, who deposited it in the Commercial Bank for collection. The note not being paid at maturity, was handed to the notary of the bank to be protested. He protested it, and gave notice to some of the endorsers, but not to Sargent, who preceded the plaintiff on the paper. The plaintiff who is the second endorser, paid the note to Harding, who was the real owner, and brought suit against Sargent, in which action he was defeated, because Sargent had not received legal notice of non-payment, and protest. He now sues the bank, alleging the notary employed by it, did not do his duty, and omitted to notify Sargent, whereby he lost his recourse against him.

The suit is substantially, to recover damages on a contract of agency. The defendants aver, they were never the agents of the plaintiff, and that there is no privity of contract between them. It is clear the note was deposited by Harding, the last endorser. By that deposite the bank became his mandatories; with him the contract was made, and he does not complain of the conduct of his agents. There was no stipulation *pour autrui* in the contract, and the plaintiff and the bank are strangers. 6 *Martin, N. S.*, 152.

The plaintiff seems to have anticipated some objection of this kind, and has carefully omitted setting forth in his petition, by whom the note was deposited in bank for collec-

EASTERN DIST. tion, but the evidence discloses that fact most clearly. It is not
*December*, 1840. alleged or pretended, that Harding when he deposited the
note for collection made any stipulation in favor of the plain-
M'CULLOCK
*vs.*
COMMERCIAL
BANK.
tiff, or subrogated him to any of his rights against the bank.
In fact he had no rights to transfer. The contract on the
So, where a part of the bank was fulfilled in such a manner as to enable
note is deposited
for collection, him to get his money, and that is all they undertook to pro-
and the notary
of the bank fails cure for him. In all the cases referred to by plaintiff's coun-
to give notice of
protest to the sel the plaintiffs were the depositors of the notes, and the
first endorser, bank contracted directly with them. 1 *Martin*, *N. S.*, 365;
who is thereby
discharged; the 3 *Idem.*, 344; 7 *Idem.*, 583.
second endorser
who takes it up, The defendants further contend, they are protected by a
has no recourse
against the bank. principle which is applicable to promissory notes and bills of
exchange, and recognized by commercial lawyers; which is,
that it is the duty of a party who receives notice of protest,
to give notice to whomsoever he may wish to hold responsi-
ble on the paper. The plaintiff paid the note to Harding
after protest, hence we are to presume he was duly notified
of such protest. If then, it was his wish to hold a prior
A second en- endorser liable, it was his duty to see if the notary had noti-
dorser wishing
to hold the first fied him, if not he should have notified that endorser him-
responsible to self. For this purpose, the law gives him until the next day
him, should give
him notice of after he receives notice, to notify his prior endorser. *Chitty*
protest, and for
this purpose the *on bills*, *p*. 315, 316; 4 *Martin*, *N. S.*, 226. The plaintiff
law gives him
until the next had it in his power to control the liability of his prior endor-
day to notify his ser, and having failed to do so, he must abide the conse-
prior endorser.
quences.

It is, perhaps, the practice in this city, to rely very much
on banks and notaries when a note is put into their posses-
sion for collection, to notify all the endorsers on the note, but
if they do not, their responsibility is only to those who
employ them. Every endorser must take care of himself,
and take the necessary steps to hold his pedecessor liable.
Such is the law and the uniform decision of this court.

It is, therefore, ordered, that the judgment of the Com-
mercial Court be affirmed, with costs.