THE MONTGOMERY COUNTY BANK *vs.* THE ALBANY CITY
BANK and THE BANK OF THE STATE OF NEW-YORK.

A bank, with whom negotiable paper is left for collection, is bound to take the necessary measures to charge the indorsers, upon the default of the acceptor or maker; and they are responsible to the owner of the bill or note, for a neglect or omission to perform that duty.

Bills, notes, and checks, when payable at a time certain, must be presented on *the very day* they fall due; and a delay of presentment, even for one day after the instrument has come to maturity, discharges all the parties not primarily liable.

A draft payable on a day certain must be presented for *payment* on the third day of grace; or the indorsers will be discharged.

But it is not *necessary* to present a bill for *acceptance* before it is due; although it is in all cases advisable to get the bill accepted.

The presentment of a bill for *acceptance*, before it becomes due, is a different thing from a presentment for *payment*, on the day it becomes due.

On presenting a bill for acceptance, before it becomes due, it is not unreasonable that the drawee should have an opportunity, before he determines whether he will accept or not, of seeing whether he has any effects of the drawer in his hands. Hence, in such cases, the holder usually leaves the bill with the drawee twenty-four hours, or until the next day, after the presentment; unless, in the interim the latter accepts, or declares a determination not to accept.

But there is no *usage* which will justify a bank, to whom a bill is sent, to be collected when due, in leaving the same with the drawee for a day, on presenting it for *payment*.

A promise made by the indorsers of a draft, at the time of its being discounted, that they will pay the same at maturity, if the drawees do not, is merged in the indorsement, and imposes no additional obligation upon them.

And if the indorsers are discharged, as such, by the neglect or omission of the holder, they can not be made liable upon such promise.

A bank discounting a draft for a third party, before it comes to maturity, is entitled to be considered as the bona fide owner of the draft; and is not bound to give its agent to whom it sends the draft for collection, notice that the drawee is a member of the firm composing the drawers.

For the negligence of a bank, acting as the agent and servant of another bank, in regard to business intrusted to the latter by a third party, both banks are jointly liable to the principal; both being guilty of the same negligence, at the same time and under the same circumstances—the one in fact, and the other constructively through its agent.

THIS was an appeal by the defendants, from a judgment rendered at the circuit in favor of the plaintiffs. On the 7th of June, 1848, the plaintiffs discounted for Jones & Hart a draft of that date, drawn by Loucks & Gray, of Canajoharie, on Morgan Gray of New-York, in favor of Jones & Hart, or order, for $1800, thirty days after date. Jones & Hart indorsed the draft to the plaintiffs, who then and there advanced the money for it. This draft became due on the 7th—10th July, 1848. On the 6th July, 1848, the plaintiffs indorsed the said draft to the Albany City Bank, and forwarded it to them for collection; that bank being the collecting agent of the plaintiffs. On the 8th of July the Albany City Bank indorsed the draft and forwarded it to the Bank of the State of New-York, for collection; the latter bank being the collecting agent of the Albany City Bank. It was received by the Bank of the State of New-York on the 10th, but was not presented for payment until the 11th, when payment was refused, and it was protested for non-payment, and notice given to the indorsers. The plaintiffs received back the draft, and brought this suit to recover the amount from the defendants for their omission to charge the indorsers, Jones & Hart, who were shown to be responsible. The drawers of the draft failed before the draft became due. The Bank of the State of New-York, in their answer, stated that they presented the draft for " acceptance and payment" on the 10th of July, and left it there till the next day, the 11th, on which latter day they called again and demanded payment, and protested it for non-payment. And both the defendants alledged that by the general usage of merchants and bankers in the city of New-York, and elsewhere, it is usual to present bills transmitted for collection to the drawees thereof, and to leave the same with such drawees for one day, in order that such drawees may accept the same, and to call for said bills on the day thereafter and demand the acceptance and payment thereof, unless directions are given to the contrary, and that none such were given in this case.

The plaintiffs in their reply denied that the draft was pre-

sented to the drawee on the 10th, or before the 11th of July, and they also denied the usage set up in the answer. .

There was no evidence that the draft was left with the drawee on the 10th of July. The certificate of the notary stated that it was presented on the 11th July, 1848, and protested for non-payment on that day. It was received by the plaintiffs by mail, in a letter postmarked at New-York, July 12.

The judge, in his charge, seemed to assume that the draft was left for acceptance on the 10th; for he says they were bound to present it on that day for acceptance and payment, and that no usage justified them in leaving it as was done. It was shown that when the plaintiffs discounted the draft for Jones & Hart, the latter promised to pay it when due, if Loucks & Gray, the drawers, did not pay it then. The judge charged that this promise imposed no new legal obligation in addition to that of the indorsement, and from that they were discharged. It was proved also that Morgan Gray, the drawee, who resided in New-York, was one of the firm of Loucks & Gray, of Canajoharie, and it was insisted that the plaintiffs were bound to give the defendants notice of that connection between the drawers and drawee of the draft; but the judge ruled the contrary.

A motion was also made for a dismissal of the complaint, as to the Bank of the State of New-York, on the ground that the contract was with the Albany City Bank. This motion was denied. To all which decisions the defendants' counsel excepted. The jury found a verdict in favor of the plaintiffs for $1917,05, besides costs, and judgment was entered thereon.

*John Wells*, for the plaintiffs.

*A. W. Clason, jun.* for the defendants.

· *By the Court*, WILLARD, J. It is well settled that a bank with whom negotiable paper is left for collection, is bound to take the necessary measures to charge the indorsers, upon the default of the acceptor or maker; and that they are responsible to the owner of the bill or note, for a neglect, or omission to

perform that duty. (*Smedes* v. *The Bank of Utica*, 20 *John.* 372 ; *same case in error*, 3 *Cowen*, 662. *McKinster* v. *Bank of Utica*, 9 *Wend.* 46 ; *same case in error*, 11 *Id.* 473. *Allen* v. *Merchants' Bank of New-York*, 22 *Id.* 215.) Prior to the code, the action might be brought in assumpsit upon the implied contract, or in case for the neglect of duty. Either action was appropriate.

The draft in this case was payable thirty days after date. The third day of grace was on the 10th July, and it should have been protested for non-payment on that day. The omission to demand payment on that day, and to follow it up with notice to the indorsers, discharged the latter. (*Chitty on Bills*, 384, 385.) Bills, notes and checks, says Chitty, when payable ' at a time certain, must be presented on *the very day* they fall due, and a delay of presentment, even *one day* after the instrument has come to maturity, discharges all the parties not primarily liable. (*Id.* 401.) There is no doctrine better settled. (*See Griffin* v. *Goff*, 12 *John.* 423 ; 13 *Id.* 471 ; *Story on Bills*, § 325, *et seq.*)

The ground taken by the defendants, that drafts payable at a specified time are left, when payment is demanded, one day with the drawee, for acceptance, does not necessarily arise, because the proof does not show that this draft was so left. But the law is not as the objection assumes it to be. A draft payable on a day certain must be presented for *payment* on the third day of grace ; (*see the cases supra ;*) or the indorsers will be discharged. · Mr. Chitty says that in some cases it is necessary, and in all advisable, to present a bill for *acceptance*. (*See Story on Bills*, §§ 228, 237.) He is speaking of presentments *before* the bill falls due. When the bill is payable within a specified time *after sight*, or *after* demand, it is *absolutely necessary*, in order to fix the period when it is to be paid, to present it to the drawee for acceptance ; for otherwise the time of payment would never arrive. In other cases it is not *necessary* to present a bill for *acceptance* before it is due, although it is advisable in all cases to get the bill accepted, as by that means the holder obtains the additional security of the drawee, upon the bill itself,

The Montgomery County Bank *v.* The Albany City Bank.

and which consequently becomes more negotiable; and if the drawee refuses to accept, the drawer and indorser, in England, may be immediately sued. (*Chitty on Bills*, 299.) It is with reference to such presentments for acceptance, before the bill has become due, that it is said it is but reasonable that the drawee should have an opportunity, before he determines whether he will accept or not, of seeing whether he has effects of the drawer in his hands. Hence, in such cases, the holder usually leaves the bill with the drawee twenty-four hours, or until the next day after the presentment, unless in the interim he accepts or declares a determination not to accept. (*Chitty on Bills*, 305. *Story on Bills*, §§ 228, 237.) But this presentment for acceptance before the bill is due, is a different matter from a presentment for *payment* on the day it becomes due. The two things seem to have been confounded together by the defendants' witness on the trial, as well as by their counsel. The judge was therefore right in deciding that no usage justified the Bank of the State of New-York in leaving the draft with the drawee as was pretended to have been done.

The promise of Jones & Hart to the plaintiffs, at the time the draft was discounted, was merged in their indorsement. All oral negotiations or stipulations between the parties, which preceded or accompanied the indorsement, are to be regarded as merged in it. The cases on this subject are collected in *Cowen & Hill's Notes to Phil. Ev. p.* 1467, *and see* 1 *Phil. Ev.* 561.

The plaintiffs were not bound to give the defendants notice that the drawer was a member of the firm composing the drawers. They discounted the draft for a third party, before it came to maturity, and are entitled to be treated as the bona fide owners of the draft. Having parted with their funds, on the faith of the indorsement of Jones & Hart, they can hold the defendants for their neglect to charge those gentlemen as indorsers, whereby the plaintiffs have been deprived of their security.

The motion for a dismissal of the complaint, as to the Bank of the State of New-York, is based upon the assumption that the action is founded upon contract. The complaint, however, seems to rest the case on the neglect of duty. For the omission

of the Bank of the State of New-York to charge the indorsers of the draft, the plaintiffs could, according to the decision of the court of errors in *Allen* v. *The Merchants' Bank of the City of New-York*, (22 *Wend.* 215,) maintain an action against their own agents, the Albany City Bank. They could also, on common law principles, affirm the act of their agent, and hold the Bank of the State of New-York responsible. And, indeed, for the strict negligence of the Bank of the State of New-York acting as the agent and servant of the Albany City Bank, in regard to business intrusted to the latter by the plaintiffs, both banks are jointly liable. They are both, says Cowen, J. guilty of the same negligence, at the same time, and under the same circumstances; the one in fact, and the other constructively, through its agent. ( *Wright* v. *Wilcox*, 19 *Wend.* 343 ; *and see Story on Agency*, § 452, *et seq.*)

Again ; the objection on the ground of a defect of parties, can only be taken by demurrer. (*Code*, § 144, *sub.* 4.) If the defendant fails to demur, he waives the objection. (*Code*, § 148.) As between the defendants, the Bank of the State of New-York ought to be primarily liable. But they are both answerable to the plaintiffs.

Judgment affirmed.

---

SAME TERM.   *Before the same Justices.*