ISAAC BAER, Respondent, v. JOHN LEPPERT and PHILIP
ROTTMAN, Appellants.

*Promissory note — presentation of, for payment — Indorsers — what notice to, insuf-
ficient — Accommodation indorsement by firm — liability of partners under.*

It is not necessary to charge an indorser that a promissory note should be pre
sented and payment demanded by a notary. It is sufficient if it be done by
an agent of the holder.

A note was protested by a notary public in the city of New York, who, not
knowing the residences of the indorsers, looked in the city directory, and not
finding them there, mailed a notice addressed to them in the city of New York,
in which place they did not reside. *Held,* that the service of the notice was
insufficient, as the efforts made by the notary to discover their residences did
not justify such a mode of service.

Although a promissory note is indorsed in a firm name, yet if it be an accom-
modation indorsement the members of the firm, as respects their liability on
such paper, are not co-partners and one of them cannot bind the other by any
admission or promise he may make with respect thereto.

Appeal from a judgment in favor of the plaintiff, entered upon
a verdict directed by the court, and from an order denying a motion
for a new trial, made upon the minutes of the justice before whom
the action was tried. The action was upon a promissory note
indorsed by the defendants under their firm name of Leppert and
Rottman. This case has already been before the General Term.
(5 Hun, 453.)

*Henry Whele,* for the appellants.

*B. F. Watson,* for the respondent.

Daniels, J.:

The judgment was recovered against the defendants as the indors-
ers of a promissory note. At the time when it became due it was
owned by the Germania Exchange Bank. The cashier of the bank
on that day delivered it to a messenger of the bank for presentment
for payment, and by him it was presented at the place where it was
made payable to a person answering the name of the maker, and
payment was demanded of him, but it was not made. The maker

of the note was sworn as a witness upon the trial on behalf of the defendants, but did not deny the evidence of the messenger, or that payment of the note had been so demanded. It was not necessary for the purpose of charging the defendants by a proper demand of payment that it should have been made by the notary. It was sufficient that it was done by the agent of the holder, who was the messenger in this case, acting under the authority and direction of the cashier. (Story on Promissory Notes [3d ed.], § 246; Parsons on Bills and Notes [vol. 1], 358; *Ninth Mechanics' Bank* v. *Spicer*, 6 Wend., 443.)

The note was on the same day protested by the cashier, who was a notary public, but the notice was not sent to the defendants at their place of residence, and no effort was made to ascertain where that was, beyond the simple act of looking for their names in the city directory, which contained neither of them. Upon that circumstance the notice was addressed and mailed to them in the city of New York, where neither of them in fact resided. This was clearly an insufficient service, for no such effort to discover the residence of the indorsers was made as would justify the course which the notary took. (*Greenwich Bank* v. *DeGroot*, 14 S. C., N. Y. [7 Hun], 210.)

One of the attorneys for the plaintiff testified that when he went to the defendants' place of business to serve the summons and complaint, he found a person who said his name was Leppert, that he showed him the note and the summons and complaint, and stated to him, " You did not answer our note the other day in reference to the payment of this note." He said, "No, we did not; my partner is now in New York trying to raise the money to pay it, and we indorsed it." Upon his cross-examination he said, "When I showed him the complaint, I told him what it was, giving him the title of the suit, and he said, "I am one of them." He said, "You need not sue me for the reason you see a lot of lumber here and we are perfectly good." Another conversation was shown to have taken place with the defendant Rottman, but in that he merely stated that he expected Gebhard, who was the maker, would pay the note. In neither conversation was any promise made to pay the note, and at least that was necessary before the indorsers could be legally held to have waived the omission to serve them with notice. The rule

upon this subject has been stated to be that "the promise, to be obligatory, must be deliberately made, in clear and explicit language, and amount to an admission, of the right of a holder, or of a duty and willingness of the indorser to pay; or, if it is implied from the conduct or acts of the indorser, it must as clearly import a like admission, or duty: such for example as a part payment, of the note. If, therefore, the conduct, or acts of the indorser be equivocal, or if the language used be of a qualified or uncertain nature, the indorser will not be held responsible." (Story on Promissory Notes [3d ed.], § 363; 1 Parsons on Bills and Notes, 595–8.) And nothing less than what is here stated to be required has been considered sufficient to waive the indorser's right to notice, in the adjudged cases. (*Duryee* v. *Dennison*, 5 Johns., 248; *Trimble* v. *Thorne*, 16 id., 152; *Gawtry* v. *Doane*, 48 Barb., 148; *Griffin* v. *Goff*, 12 Johns., 423; *Miller* v. *Hackley*, 5 id., 375.)

The evidence given neither established a promise on the part of the indorsers to pay, nor any unequivocal concession of their liability, from which a promise might perhaps be inferred. The maker of the note, when he was a witness in the case, was asked whether the defendants received any consideration for this indorsement. But the answer was excluded upon the plaintiff's objection, and the defendants excepted. This evidence was admissible under the portion of the answer which alleged them to have been accommodation indorsers.

It had a tendency to show that to have been their relation to the paper. And if they were right in that allegation, then one of the defendants could not bind the other by any promise he might make for the payment of the note. As to that they would not be partners and one could not bind the other by his admissions and statements.

The judgment and order should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment and order reversed, new trial ordered, with costs to abide the event.