# Cohen *v.* Tradesmen's National Bank, Appellant.

*Negligence—Banks and banking—Collection of check—Principal and agent—Extent of collecting bank's liability.*

1. An action for negligence can be maintained only for the breach of some duty, express or implied, which defendant owes to plaintiff, either specifically or as a part of the general public.

2. For negligence in collecting a check the collecting bank is liable only to the person or corporation who employed it to make the collection.

Argued June 12, 1918. Appeal, No. 13, Jan. T., 1919, by defendant, from judgment of Superior Court, October T., 1917, No. 212, affirming judgment of Municipal Court of Philadelphia, February T., 1917, No. 66, entered on verdict for plaintiff in case of Emanuel Cohen v. Tradesmen's National Bank. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Reversed.

Appeal from Superior Court.

The facts appear by opinion of the Supreme Court and in 69 Pa. Superior Ct. 28.

The Superior Court affirmed the judgment of the Municipal Court of Philadelphia, entered on verdict for plaintiff for $250. Defendant appealed.

*Error assigned* was the judgment of the Superior Court.

*Charles Biddle* and *Bayard Henry,* for appellant.—
The collecting bank alone is responsible for any loss that
may be occasioned by its act as a collecting agent and
that loss alone authorizes a recovery: Merchants' Na-
tional Bank of Philadelphia v. Goodman, 109 Pa. 422;
Farmers' National Bank of Beaver Falls v. Nelson, 255
Pa. 455; Smith v. Western Union Telegraph Co., 150
Pa. 561.

*Charles E. Bartlett,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, July 17, 1918:

Plaintiff sent to the treasurer of a club to which he be-
longed, his check for $29.15, drawn on the Southwark
National Bank. The treasurer deposited the check with
the club's banker, which in turn sent it to defendant for
collection. By mistake defendant presented it to the
wrong bank, which returned it with "W. B." written
thereon, signifying that it had been sent to the "wrong
bank." The writing was obscure, and defendant mistak-
ing the "W. B." for "N. F.," which signified "no funds,"
returned it to the banker with an endorsement thereon
of "not sufficient funds." The banker in turn sent it
back to the treasurer of the club, who returned it to
plaintiff, upon receiving another check from plaintiff for
a like amount. Plaintiff had sufficient funds in the
Southwark National Bank with which to pay the first-
mentioned check. He had no contractual relations with
defendant.

The statement of claim avers that defendant "careless-
ly and negligently sent said check to the wrong bank;
which said bank returned the plaintiff's check to the de-
fendant bank, and upon its return, the said defendant
carelessly and negligently placed upon the plaintiff's
check its slip and marked the same 'Not sufficient funds'
and returned said check" to the banker of the club. No
other cause of action is averred, but it is said that by
reason of the above-stated negligence "plaintiff has sus-

tained substantial damage to his credit, business standing and reputation."

At the trial in the Municipal Court of Philadelphia, the above facts regarding the check were shown; each party submitted a point for binding instructions; defendant's point was refused and plaintiff's affirmed, and the case was submitted to the jury to determine the amount of the verdict. The verdict was for $250. Defendant then moved for judgment non obstante veredicto, which motion was dismissed, and judgment entered on the verdict. Defendant thereupon appealed to the Superior Court, which affirmed the judgment below, and from that judgment of affirmance this appeal was taken. The assignments of error raise but a single question: Ought the trial judge to have given binding instructions in favor of defendant? and that point alone will be considered, despite defendant's extended argument as to the measure of damages.

As stated above, the action is negligence, an action which can be maintained only in case defendant fails in or negligently performs, some duty which he owes to the plaintiff. That duty may be express or implied, may be a specific duty owing to plaintiff, or a general one owing to the public, of which plaintiff is a part, and it may arise as the result of a contract, a statute or the common law; but it must exist in some way as between the plaintiff and the defendant. There was no contract between the parties to this action, and no statute in any way dealing with the subject; and hence plaintiff's counsel fairly and frankly puts his right to recover upon the proposition that the nature of a bank's business is such that it "owes a general duty to all the public not to be guilty of negligence" in the transaction of its business. For that proposition he cites only McKinster v. The Bank of Utica, 9 Wend. 46, affirmed on appeal in The Bank of Utica v. McKinster, 11 Wend. 473, and The Bank of Washington v. Triplett, 1 Peters 25. Unhappily for him those cases do not bear out his contention.

In McKinster v. The Bank of Utica, plaintiff was the owner of a note and pledged it with one Pardee as collateral security for a debt of his, McKinster's, under an agreement that in case of nonpayment it was to be returned to plaintiff. Pardee deposited it with defendant for collection, and defendant protested it, but failed to give notice to Dygert, the only responsible endorser on it. It was held that as "the property in the note was not vested in Pardee; he held it as collateral security, to be returned if not paid," the bank was really acting as agent for plaintiff, the real owner of the note, and was liable to him for its negligence.

In Bank of Washington v. Triplett, supra, the suit was by the holder of the note, and the bank was held to be the agent of the holder and not of the drawer.

It is well settled that the relation between the depositor of a check and the bank which receives it for collection, is that of principal and agent: 2 Michie on Banks and Banking 1502; Montgomery Bank v. Albany City Bank, 7 N. Y. 459; Dodge v. Freedmen's Savings & Trust Co., 93 U. S. 379; and that the bank is agent for the holder or payee only, and not for the drawer or maker: 2 Bolles on Modern Law of Banking, 511; Ward v. Smith, 7 Wallace 447; Bank of Washington v. Triplett, supra. This conclusion is in accord with the general law of agency, that the agent is liable only to his principal for any acts or neglects in relation to the subject-matter of the agency. He may, of course, become liable to others for his torts, as for slander, libel or injuries to person or property; or to the Commonwealth for his crimes; and cannot shield himself behind his agency. Here, however, no such cause of action is averred, but only carelessness and negligence in sending the check to the wrong bank, and in returning it with a slip upon it marked "Not sufficient funds," and for those neglects plaintiff cannot be heard to complain.

As a result of our independent examination we have found two cases directly in point, both antagonistic to

plaintiff. In McCullock v. Commercial Bank, 16 La. 566, it appeared that a note had been deposited for collection, the collecting bank protested it and gave notice to the second endorser, but negligently failed to notify the first endorser. The second endorser paid the note, and sued the bank for its neglect. It was held that there was no privity between him and the bank, which was responsible to the holder only; and plaintiff was not permitted to recover.

Our own case of Morris v. First Natl. Bank of Allegheny, 201 Pa. 160, decides the same thing. There a sight draft was deposited with the First National Bank of Chicago, and credit given the depositor for the amount thereof. The Chicago bank sent it to the defendant "for collection" and the amount thereof was lost by reason of the failure of the defendant to give prompt notice of its nonpayment. A nonsuit was entered, inter alia, because there was no contractual relation between the plaintiffs and the defendant, but only between the two banks, the defendant having accepted the note "for collection" for the Chicago bank. We sustained the entry of the nonsuit upon that ground.

Upon principle and authority alike, therefore, the decision of the Superior Court was wrong, and hence the judgment of the Superior Court and also that of the Municipal Court of Philadelphia are reversed, and judgment is here entered for the defendant, this judgment to be entered also on the records of the Municipal Court of Philadelphia and all future proceedings thereon had in said court.