## Snyder v. The Bell Telephone Company of Pennsylvania

*Metzger, Wickersham & Knauss*, for plaintiff.
*Rhoads, Sinon & Reader*, for defendants.

HERMAN, J., November 18, 1963.—We have before us the preliminary objections of defendants to plaintiff's complaint in trespass. Initially, The Bell Tele-

phone Company of Pennsylvania (hereinafter sometimes called Bell) filed preliminary objections in the nature of a demurrer which were subsequently withdrawn and a motion for more specific pleading, one count of which[1] has also been withdrawn. The Bell Telephone's preliminary objections thus remaining concern only the specificity of the complaint as far as damages are alleged.[2]

The Reuben H. Donnelley Corporation (hereinafter sometimes called Donnelley) has filed preliminary objections in the nature of a demurrer.[3]

We shall consider the demurrer first accepting as true, as we must, all relevant facts well pleaded and all inferences fairly deducible therefrom: Goodrich-

---

[1] "The Complaint fails to set forth a duty of The Bell Telephone Company of Pennsylvania to list plaintiff's name and telephone numbers in the yellow pages of the 1961 telephone directory or in the yellow pages of the 1962 telephone directory."

[2] "The Complaint fails to set forth any facts showing an actual loss or damage incurred in 1961 by reason of the alleged omission of plaintiff's name and telephone numbers from the yellow pages of the 1961 telephone directory.

"The Complaint fails to set forth any facts showing an actual loss or damage incurred in 1962 by reason of the alleged omission of plaintiff's name and telephone numbers from the yellow pages of the 1961 and 1962 directories.

"The Complaint fails to set forth any facts showing an actual loss or damage to be incurred in future years by reason of the alleged omission of plaintiff's name and telephone numbers from the yellow pages of the 1961 and 1962 telephone directories."

[3] "The facts alleged in the Complaint do not set forth a contractual duty owed to plaintiff by The Reuben H. Donnelley Corporation or the breach of any duty of The Reuben H. Donnelley Corporation.

"The facts alleged in the Complaint do not set forth a duty imposed by statute or by common law owed to plaintiff by The Reuben H. Donnelley Corporation or the breach of any duty of The Reuben H. Donnelley Corporation.

"The Complaint fails to set forth a cause of action against The Reuben H. Donnelley Corporation."

Amram §1017(b)-11; Adams v. Speckman, 385 Pa. 308 (1956). The complaint as far as it deals with defendant Donnelley avers, in substance, that plaintiff is a certified public accountant with business office in the City of Harrisburg; that in years prior to 1961, plaintiff's name and telephone numbers were listed in the Yellow Pages of The Bell Telephone Company's directory for this area; that in 1961, his name and telephone numbers were omitted from the Yellow Pages of the directory published for that year, April 1961 to April 1962; that this omission was due solely to the negligence of Bell, its agents, servants, and employes, including Donnelley, the authorized directory representative of the Bell Company; that in spite of the protest of plaintiff and notice given to Bell of this omission, plaintiff's name and telephone numbers were likewise omitted from the Yellow Pages of the 1962 directory due solely to the gross negligence of Bell, its agents, servants, and employes; that Donnelley, the agent for Bell, performed all functions in connection with the printing and publishing of the Yellow Pages of the said directories for 1961 and 1962; that as a result of these negligent omissions plaintiff suffered damages in 1961, 1962, and will in future years through loss of profits.

Plaintiff's action is in trespass based on the negligence of the defendants. It is hornbook law that before a defendant can be found liable to a plaintiff on this ground there must be some duty imposed and that duty neglected. We find no duty that Donnelley Corporation owed plaintiff here. It will be remembered that there is no allegation that Donnelley is a public utility and, indeed, it is not. It is averred only that Donnelley is the "authorized directory representative" of Bell and was the "agent" that "performed all functions in connection with the printing and publishing of the yellow pages of the telephone directories of April 1961 and

April 1962." The damages allegedly suffered by the plaintiff are for loss of profits by virtue of lost business.

While it is clear that an agent is personally liable for *injuries* to a third person caused by his tortious conduct committed outside of his employment, his personal liability is not so clear when his act or omission is in the performance or nonperformance of his duties to his employer. The general rule is that the agent may be held accountable to the third person for injuries sustained by the agent's tortious conduct, and, while earlier cases in determining the personal liability of an agent made a distinction between the agent's misfeasance and nonfeasance, and in many cases found the agent not liable to the third party for nonfeasance, it is now generally recognized that the test of liability of the agent is not whether the agent was guilty of misfeasance or nonfeasance but rather whether or not there has been a breach of duty which the agent owed to the third party.

"The general rule may be stated to be that a servant or employee who violates a duty which he owes to a third person is answerable to such person for the consequences of his conduct whether it may be described as malfeasance, misfeasance, or nonfeasance. It is equally clear, however, that no cause of action accrues in favor of a third person against an employee for loss sustained as a result of the employee's failure to perform a duty owing only to his employer. Although a third person may suffer loss as a result of an employee's failure to perform his duties to his employer, if that breach of duty to the employer is unaccompanied by any act or omission of the employee which breaches a duty owing to the third person, no cause of action accrues in favor of the latter against the employee.

\* \* \*

"It is reasoned that the servant, as between himself and his master, is bound to serve with fidelity and to

perform the duties committed to him. An omission to perform them may subject third persons to harm, and the master to damages. But the breach of the contract of service is a matter between the master and servant alone; and the nonfeasance of the servant causing injury to third persons is not in general, at least, a ground for a civil action against the servant in their favor. . . .": 35 Am. Jur., Master and Servant §§584, 585 (1941). (Footnotes omitted.)

See also 3 Am. Jur., Agency §300 (1962) ; 3 C. J. S., Agency §§221, 223 (1936) ; 20 A. L. R. 97, at 99, 107 (1922) ; Knight v. Atlantic Coast Line R. R. Co., 73 F. 2d 76, and 99 A. L. R. 408 (1935), following the report of this case.

The American Law Institute's Restatement of Agency 2d (1958), sets forth the law applicable here in §352, et seq. This section reads in part:

"An agent is not liable for harm to a person other than his principal because of his failure adequately to perform his duties to his principal, unless physical harm results from reliance upon performance of the duties by the agent, . . ." [4]

It is there pointed out in comment (a.) that an enforceable promise for the benefit of a third person *might* create a *contractual* duty to the third person but a promise to carry out a purpose of the principal that might be a benefit to a third party does not necessarily create a relation between the agent and the third parties upon which an action of *tort* can be brought for the harm which results from a failure of the agent to perform his duty to the principal.

Section 357 of the Restatement, supra, goes on to state:

"An agent who intentionally or negligently fails to perform duties to his principal is not thereby liable to

---

[4] Emphasis throughout ours unless otherwise indicated.

a person whose economic interests are thereby harmed."

As noted there, when the only harm caused to the third party is to his economic interests as distinct from injury to his person or damages to his tangible property, the agent is not liable for his failures to perform his duties even though he knows that the third party will be harmed thereby.

In this Commonwealth the reasoning of the appellate courts in cases not wholly dissimilar to the instant case convinces us that the law of Pennsylvania follows the Restatement and that Donnelley Corporation here is not liable to plaintiff.

In Cohen v. Tradesmen's National Bank, 262 Pa. 76 (1918), plaintiff, who at all pertinent times had sufficient funds in his bank to cover it, sent his check to his club. The club deposited it with its bank which in turn sent it to defendant bank for collection. Defendant bank by mistake returned the check marked " 'not sufficient funds.' " Plaintiff averred that he was thus damaged by defendant's negligence and sought to recover, but recovery was denied. It is clear that defendant bank was the agent of the payee or holder and not of plaintiff. The Supreme Court said, pages 78-79:

"The action is negligence, an action which can be maintained only in case defendant fails in or negligently performs, some duty which he owes to the plaintiff. That duty may be express or implied, may be a specific duty owing to plaintiff, or a general one owing to the public, of which plaintiff is a part, and it may arise as the result of a contract, a statute or the common law; but it must exist in some way as between the plaintiff and the defendant. . . .

"[An] agent is liable only to his principal for any acts or neglects in relation to the subject-matter of the agency. He may, of course, become liable to others

for his torts, as for slander, libel or injuries to person or property; or to the Commonwealth for his crimes; and cannot shield himself behind his agency. Here, however, no such cause of action is averred, but only carelessness and negligence in sending the check to the wrong bank, and in returning it with a slip upon it marked 'Not sufficient funds,' and for those neglects plaintiff cannot be heard to complain."

To the same effect is Morris v. First National Bank of Allegheny, 201 Pa. 160 (1902). See also First National Bank of Blairstown v. Goldberg, 340 Pa. 337 (1941).

Plaintiff cites two cases which he believes support his position that an action in trespass lies against Donnelley on the facts set forth in his complaint. We do not agree that they support him. The case of Tobin v. Western Union Telegraph Co., 146 Pa. 375 (1892), held merely that where a telegraph company negligently erred in the transmission of a telegraph message it could be held liable to the recipient in damages and the fact that the message was not read back to the sender in accordance with a rule of the company had no bearing on the case. No question of agency of the company was considered or even mentioned, but the court relied for its holding on the case of The New York and Washington Printing Telegraph Company v. Dryburg, 35 Pa. 298 (1860).

The other case cited by plaintiff is Bailey & Company v. Western Union Telegraph Company, 227 Pa. 522 (1910). Here the telegraph message was partially in code and the telegraph company negligently erred in the transmission of one of the code words thereby causing plaintiff, the recipient of the message, damages for which he sued in trespass. It was held that he could recover, the court here, too, relying on the Dryburg case. Mr. Justice Mestrezat, speaking for the court, said, page 527:

"It is settled in this jurisdiction and by the great weight of authority in this country that a telegraph company is liable in tort to the addressee for injuries arising out of the negligent transmission of an intelligible message. . . ."

And, on the same page of the opinion he pointed out that in the Dryburg case the court had held that the telegraph company was liable to the addressee in tort for negligently or wilfully violating its duty "of sending the very message prescribed." And, further, the Dryburg case held that *even if* the telegraph company were to be considered *only* the agent of the sender, the company would still be liable to third persons as a wrongdoer for any misfeasance in the execution of the duties confided to it. But upon a careful reading of the Dryburg case it will be seen that Mr. Justice Woodward, who delivered that opinion for the Supreme Court, said "it seems reasonable that, for all purposes of liability, the telegraph company shall be considered as much the agent of him who receives, as of him who sends, the message." (page 303.) It is true the Dryburg case did not rest on this principle alone, but in considering the fact that each of these cases dealt with a telegraph company, and its public character, and its duty to the public generally to transmit messages correctly, we cannot say that these cases are authority for the proposition that an agent is liable to third parties for damages to the pecuniary interest of such third parties when the agent fails to perform duties owed his principal.

It is our judgment that the preliminary objection of The Reuben H. Donnelley Corporation in the nature of a demurrer should be sustained.

The allegations in the complaint concerning the damages are simply that plaintiff "lost business which he would have received, and thereby suffered a loss of profit to his great damage and loss and for which he

claims damages." It was averred that this was true not only of the current years of 1961 and 1962, but also for future years in the renewals he would have made.

The Bell Telephone Company complains that in the light of Pa. R. C. P. 1019(f), which requires that "Averments of . . . items of special damage shall be specifically stated," the averments here are faulty and asks that plaintiff be made to plead his damages more specifically. We agree with the Bell Company.

In 3 Standard Pa. Pract., Pleading §48, page 168 (rev. ed. 1952), it is said:

"Both under the Practice Act of 1915 and under the Rules of Civil Procedure Pennsylvania courts have uniformly held that there must be a degree of particularity to which the facts of the case are reasonably susceptible to enable the other party intelligently to prepare for trial. General allegations of indebtedness, lumping charges and gross sums intended to cover and include different kinds and amounts of losses and damages, are not sufficient; *the complaint should, whenever possible, show how the items of damage claimed are ascertained, so that defendant may file a responsive answer. . . .*"

This court has consistently held that there should be shown in the pleadings how the damages are ascertained when possible: Fahrney v. Food Fair Stores, Inc., 81 Dauph. 1 (1963) ; Cattarius v. Horn, 77 Dauph. 8 (1961) ; Commonwealth ex rel. Alpern, Attorney General v. Pennsylvania Coal Co., 75 Dauph. 190 (1960) ; National Novelty Co., Inc. v. Zuvich, 71 Dauph. 372 (1958) ; Price v. Pennsylvania R.R. Co., 72 Dauph. 336 (1958) ; Lynch v. Hoover, 68 Dauph. 222 (1955) ; McCormick v. The Elkwood Companies, Inc., 62 Dauph. 449 (1951) ; The Standard Electric Time Co. v. Davis & Sons, 32 Dauph. 149 (1929) ; Zentz v. Wolf, 28 Dauph. 210 (1925).

In McGough v. Morgret, 17 D. & C. 2d 559 (1938), where the complaint averred that as a result of a letter mailed by defendant to certain holders of insurance policies written by plaintiff, these policyholders refused to allow plaintiff to write their insurance, thus damaging him in the amount of $10,000. The court sustained the preliminary objections that the damages alleged were not sufficiently specific. The court there said: "While it is recognized in cases such as this, damages cannot be proved with exactness as in many assumpsit actions, the complaint should offer some reasonable basis for determining the lump sum claimed." (page 573.)

The same problem was presented in Nardell v. Scranton-Spring Brook Water Service Co., 51 Luz. 75 (1960). There plaintiff referred to "loss of profits" and the court found that this was too vague and required greater specificity.

We feel that plaintiff here can, without pleading evidence, show in his complaint how his lost profits are computed or what basis is used for computing them and how future lost profits are determined. Accordingly, we will sustain the preliminary objections of defendant The Bell Telephone Company of Pennsylvania.

We therefore enter the following

### Order

And now, November 18, 1963, the preliminary objections of The Reuben H. Donnelley Corporation in the nature of a demurrer are sustained with leave to plaintiff to amend his complaint within 20 days of this date to aver a cause of action against this defendant if he can do so.

The preliminary objections of The Bell Telephone Company of Pennsylvania in the nature of a motion for a more specific pleading are sustained and plaintiff is directed to make more specific his allegations of

damages in paragraphs 13, 14, 20 and 21 of the complaint within 20 days of this date.