DURYEE *against* DENNISON.

If an endorsor of a note who has not had regular notice of non-payment by the maker, does, with a full knowledge of the fact, make a subsequent promise to pay, it is a waiver of the want of due notice, and *assumpsit* will lie against him. A new trial will not be granted on the ground of newly discovered evidence, which goes only to impeach the credit of a witness sworn at the trial, especially when the witness has since died.

THIS was an action of *assumpsit*, by the first endorsee of a promissory note against the first endorsor. The note was dated the 7th *July*, 1807, and made by *Burton Hammond*, whereby he promised to pay the defendant or order, 909 dollars and 50 cents, twelve months after the date of the note, &c.

The declaration was in the usual form, and stated the presentment of the note to the maker, and demand and refusal of payment on the 10th *July*, 1808, and added, " of all which premises the said defendant, afterwards, to wit, on the same day and year last aforesaid, had notice." The defendant pleaded *non assumpsit*.

The cause was tried at the *Albany* circuit in *October*, 1809, before Mr. Justice *Spencer*.

The note was produced and proved at the trial. The attorney of the plaintiff, testified that the 10th *July*, 1808, being the last day of grace, was *Sunday*, and that on *Monday* the 11th *July*, between 11 and 12 o'clock in the evening, payment was demanded of the maker, which was refused ; and on *Tuesday* the 12th *July*, he called on the defendant and informed him of the non-payment by the maker, and that the plaintiff looked to the defendant for payment. The defendant was told, at the same time, that the demand of the maker and notice to him as endorsor were irregular, as to time, but the

defendant agreed to consider the demand and notice as made in due time, and himself liable as endorsor. Though the defendant was not precisely informed that he was not holden, yet he was given to understand that he was not responsible as endorsor.

A motion was made for a nonsuit, which was overruled, and the jury, under the direction of the judge, found a verdict for the plaintiff.

A motion was made to set aside the verdict and for a new trial, for the misdirection of the judge; and also on the ground of newly discovered evidence. From the affidavits, it appeared that the object of the newly discovered evidence, was to impeach the credit of the testimony given by the principal witness of the plaintiff, at the trial, who died in *November* last.

*Van Vechten*, for the defendant, cited 5 *Burr.* 2672. 1 *Term Rep.* 712. *Chitty on Bills*, (2d ed.) 171, 172.

*Henry*, contra, cited 3 *Johns. Rep.* 255. *Sayer*, 27, 28. 2 *Salk*, 653. 12 *Mod.* 584.

KENT, Ch. J. delivered the opinion of the court. We are of opinion that the testimony of *Aikin*, as given at the trial, was sufficient to support the verdict. The rule is now settled, that if an endorsor has not had regular notice of non-payment by the drawer; yet if with knowledge of that fact, he makes a subsequent promise to pay, it is a waiver of the want of due notice, and *assumpsit* will lie. (2 *Term Rep.* 713. *Stra.* 1246. 6 *East*, 16. *Hopes* v. *Alder*, note. 7 *East*, 231. 236. note. *Whitaker* v. *Morris*, *Esp. Dig.* 58. *Chitty*, 102. *Bayley on Bills*, 78. *Anson* and *Bailey*, *Buller's N. P.* 276. *Peake's N. P.* 202.) All this was made out by the testimony of *Aikin*, and the motion for a new trial is founded on affidavits which go to impeach the credit of his testimony. But this ought not to be permitted;

ALBANY,
Feb. 1810.

DURYEE
v.
DENNISON.

and the case of *Huish* v. *Shelden*, (*Sayer*, 27.) is strongly to the point. That was a motion for a new trial, on an affidavit impeaching the testimony of a material witness, and the court denied the motion, and said, that it would be productive of the most dangerous consequences, if a verdict should be set aside, because a witness had made a mistake in giving his evidence. The same attempt was before made in the time of Lord *Holt*, in the case of *Ford* v. *Tilly*, (2 *Salk.* 653.) and equally failed; the court observing, that a new trial is not granted, because the defendant came not prepared. The cases in this court are to the same effect. In *Bunn* v. *Hoyt*, (3 *Johns. Rep.* 256.) the court said that a verdict is never set aside to give the party an opportunity of impeaching the credit of witnesses sworn at a former trial; and the same doctrine was held in the case of *Shumway* v. *Fowler*, at the last *August* term.[*] There is the stronger reason for the application of the rule in this case, as it appears that the witness alluded to is since dead, and therefore the opportunity for explaining his testimony is for ever lost. The case of *Fabrilius* v. *Cock*, (3 *Burr.* 1771.) was an extreme case not to be governed by ordinary rules. The demand and recovery there, was for the enormous sum of 2,400*l.* sterling; and the defendant, afterwards, discovered proof to detect the whole demand being founded in fiction, supported by perjury. That was a case of newly discovered testimony. Here the motion is founded wholly upon subsequent conversations with the witness, showing his testimony was not accurately given. It comes fully within the case in *Sayer*, and it does not appear to be a case justifying a departure from ordinary precedents. The motion ought to be denied.