## Case No. 12,763.

### SHERMAN v. CLARK.

[3 McLean, 91.] [1]

Circuit Court, D. Michigan. Oct. Term. 1842.

COURTS — JURISDICTIONAL AMOUNT — NOTES — NO-
TICE OF PROTEST — PRESUMPTION.

1. Jurisdiction is taken from the damages laid in the writ and declaration, and not from the amount due, proved by the plaintiff.

[Cited in brief in Healy v. Prevost, Case No. 6,297. Cited in Victor Sewing-Mach. Co. v. Mingos, Id. 16,936; Kanouse v. Martin, 15 How. (56 U. S.) 208; West v. Woods, 18 Fed. 665.]

[Cited in Abbott v. Gatch, 13 Md. 335.]

2. A notice of the protest and non-payment of a note to the indorser, is good, if directed to a post office where the party is in the practice of receiving his letters, though it may not be the nearest post office.

3. A promise to pay by an indorser is presumptive evidence of notice, as it acknowledges a legal liability.

At law.

Mr. Seaman, for plaintiff.
Mr. Howard, for defendant.

OPINION OF THE COURT. This action is brought against the defendant as indorser of a note. Proof of demand was given, at the bank, where the note was payable, and notice directed to Palmer post office. The amount of the note and interest, was $293, but the damages were laid in the declaration at six hundred dollars. On these facts a question is raised as to the jurisdiction of the court. But there is clearly jurisdiction, as that is taken from the damages laid in the writ, which exceeds the sum to which the jurisdiction is limited.

It was proved that at the time of the notice the defendant lived two and a half miles from the Palmer post office, to which the notice was directed. That he was post master of China post office, and that he was president of the St. Clair Bank, established in Palmer. Talbert, a witness, corresponded with the defendant, and in 1835 directed letters to him at Palmer. The notice was sent in March of that year. Defendant afterwards requested witness to direct to him at China. During the above year the defendant was a carrier of the mail in a steam boat, and called three times a week at Palmer, and as often at the China office. The defendant wrote a letter to the counsel of the plaintiff in which he said, that "he had not the means to pay them, but would be down shortly and would make some arrangement on the subject."

THE COURT instructed the jury that it was not indispensable to send the notice to the nearest post office, if the defendant was in the practice of receiving letters at an office more remote from him. That if they shall find from the evidence the defendant was in the practice of receiving his letters at the Palmer office, and also at China, the notice being directed to either was sufficient.

The jury were also instructed that where there is a promise to pay by the indorser, it is received as presumptive evidence that notice was given in due time, so as to fix his liability.

The jury found for the plaintiff.