## F. II. McMANUS v. J. STEVENS.

In real actions, petitory or possessory, a definite description of the property claimed should be given in the petition.

The designation of "a tract of land in a given parish" is insufficient; public metes and bounds by section lines, by Surveyors' marks, by natural limits, or adjoining properties, whose boundaries are registered, should be given when the ownership or possession of a rural estate is claimed in a court of law.

The proceedings and judgments taken together should disclose the thing adjudged.

APPEAL from the District Court of the parish of East Feliciana, *Merrick, J. McVea*, for plaintiff. *Muse & Hardee*, for defendant and appellant.

SPOFFORD, J. The court erred in overruling the defendants motion to dissolve the injunction, and in refusing to dismiss the petition on the exceptions taken to its sufficiency.

In real actions, whether petitory or possessory, a definite legal description of the property claimed should be given, so that courts may know what they are called upon to decide, and the world may know what they have decided.

This purports to be a possessory action ; the plaintiff says he has, since 1842, been in possession, as owner of "a certain tract of land in the parish of East Feliciana," which he had under fence, and that the defendant within the year before suit brought, has disturbed him in his possession, by "entering on said land, pulling down the fence on the south-east corner, and moving it further back, thereby throwing out about six or seven acres of said land." On affidavit that these facts were true, he procured an injunction restraining the defendant "from using or cultivating any portion of a certain tract of land in said parish of which the plaintiff claims to have been the possessor and owner since the year 1842."

This is all the description we have of the premises, in the pleadings :

"A tract of land in the parish of East Feliciana," cannot be taken from A. and given to B. by the judgment of a court of record, without something of record by which to identify it. A designation by public metes and bounds, by section lines, by surveyor's marks, by natural limits, or by adjoining properties. whose boundaries are registered, should be given when the possession or ownership of rural estate is demanded in a court of law.

In the recent case of *Avery* v. *Orrillon*, an injunction was dissolved for a less degree of vagueness in the description of land than is exhibited here. (*Ante* p. —. )

In the case of *Williams* v. *Kelso*, 7, L. R., 406, the cause was remanded for a similar uncertainty, although the defendant there had answered to the merits without excepting to the petition. The remarks of the court in that case are quite apposite to this.

The District Judge seems to have perceived the embarrassment occasioned by his having overruled the defendant's exception, when he came to draw up a decree, and he sought to remedy it by ordering the plaintiff to be put in possession of "the land in controversy, up to the time certified to by *John F. McKnecly* and *John East.*" Now, *McKneely* and *East* were mere witnesses in the cause, not experts or surveyors. Their testimony in this record, does not make the limits of the plaintiff's claim any plainer than his petition. Is the

23

MCMANUS
v.
STEVENS.
Sheriff to take them along with him when he executes his writ of possession? Suppose they forget or differ as to where the old fence stood, a supposition not at all impossible when we examine their testimony, who then is to counsel the Sheriff?

It is a fatal error to leave these things to be determined after judgment. The pleading and judgment taken together, should disclose with certainty the thing adjudged, that litigation may have an end.

It is therefore ordered, that the judgment of the District Court be avoided and reversed, the injunction herein granted dissolved, the exceptions to the petition on account of its vagueness sustained, and the suit dismissed, the plaintiff and appellee paying costs in both courts.