Folger, J.
 

 The motion made by the appellant, at the close of the opening to the jury of the respondent’s case, for a dismissal of the complaint and for a nonsuit, was substantially a demurrer to the complaint, that it did not contain facts sufficient to show a cause of action. But the complaint averred an application by the makers of the note to the respondent, for a loan of $500 at three months. It then made an allegation in these words :
 
 “
 
 That as a condition of said loan, and as security for the payment of the same, said defendants (meaning the makers), made and executed their certain promissory note, and the said defendants George Hibsher, and Joseph Duringer, then and there indorsed the same to the plaintiff.” The grammatical construction of this clause of the sentence, holds all the parts of it in relation to each other. Each part is connected with each other part, and it needs that all be read together to express the full and intended meaning.- That meaning is, that the act of indorsement of the note by Hibsher and Duringer, was as much the condition of the loan upon it, and as much the security for the payment of the same, as the act of- making and executing it by the other defendants. We think that it sufficiently avers that the indorsement of the note by Hibsher, was made a con. dition of the loan, and was required and taken as security for its repayment. Under this averment, it was proper to receive testimony of the appellant’s privity with the negotiation and its- result. If he indorsed the note with a knowledge on his part, that his name was required by the respondent as a con
 
 *269
 
 dition of making the loan, and for the purpose of securing the repayment of it, he is placed in the same relation to the respondent, as though it had been done by agreement between them.
 

 The complaint then sets out the note in full. By its terms it was given “ for value received.” This is sufficient as an averment of a consideration.
 
 (Prindle
 
 v.
 
 Caruthers,
 
 15 N. Y., 425.) And this averment in connection with those already noticed, of an application for a loan, and the making and executing and indorsing of this note as a condition thereof, and a security therefor, is an allegation that such loan was the consideration of the note; was the “ value received.” The averment of the making, and the execution and indorsement over, was the equivalent to an averment of a delivery.
 
 (Prindle
 
 v.
 
 Caruthers, supra.)
 

 So that there are in the complaint averments of the delivery of the note by the defendants to the plaintiff, for a good consideration, existing in a loan by him of $500, at three months.
 

 The complaint then alleges the maturity of the note, the presentment of the same at the place of payment, demand of payment, refusal to pay, and personal notice on the same day to the indorsers of non-payment of the note, and that the amount of it is due to the plaintiff.
 

 Wo think that the complaint states a cause of action against the appellant, and that its averments are sufficient to warrant the giving of testimony ample to sustain the opening of the respondent’s case to the jury.
 

 The motion to dismiss and for a nonsuit was properly denied.
 

 The jury having found their verdict for the respondent, the conflict in the testimony is settled in favor of the version of the transactions given by the witnesses, who testified in behalf of the respondent. And it appears that the note in suit was given for a loan of money made by the respondent to the makers of the note ; that it was made a prerequisite of the loan that they should make the note, and that the appellant
 
 *270
 
 should indorse it; that the appellant knew of these facts, and with knowledge of them assented and indorsed the note, to enable the makers to obtain the loan, and to secure the respondent that it should be repaid. The appellant indorsed the note, not only for the accommodation of the makers, but for the express purpose of furnishing security to the respondent for the loan of money. He did this with the knowledge, that though the note was upon its face payable to the order of the respondent, and the respondent must, to negotiate it become the first indorser of it, yet that he was to lend the amount of money named in it, as a loan upon the strength of it, and was to become the actual owner payee and holder of it. He was privy to the whole transaction, and knew that the apparent relations of the parties were not the actual ones.
 

 These facts place this case within the ruling in
 
 Moore
 
 v.
 
 Cross
 
 (19 N. Y., 227). The appellant was liable to the respondent as the indorser to him of a negotiable promissory note.
 

 Prima
 
 facie, the appellant was entitled to have due presentment made of the note for payment, demand thereof, and notice of non-payment.
 
 (Spies
 
 v. Gilmore, 1 Comst., 321.) And before the respondent can recover of the appellant, he is bound to prove that he has taken these steps, or that he is excused therefrom, or that the taking of them has been waived.
 

 There can be no doubt but that the appellant had ample notice of the fact that the note had not been paid. Then as to presentment and demand for payment. The note is by its terms payable at the place where it is dated. But it is payable there generally, with no designation of a particular place therein, at which payment shall be made or sought. In such case the note must be presented and payment asked for at the place of 'business therein of the maker if he has one; and if he has no place of business, then at his place of residence. (
 
 Woodworth
 
 v.
 
 Bank of America,
 
 19 J. R., 391;
 
 King
 
 v.
 
 Holmes,
 
 11 Penn., 456.) And if he have neither place of business nor of residence, then if the holder of the
 
 *271
 
 note is at the place where it is in general made payable, on the day of payment, with the note, ready to receive payment, it is sufficient to constitute a presentment and demand.
 
 (Malden Bank
 
 v.
 
 Baldwin,
 
 13 Gray, 154.) In the case in hand however, it does not appear that the makers had no place of business, nor any place of residence in Cheektowaga, wherein the note was made payable. If they had not, it was for the respondent to show that fact. He has not done it. And were there nothing else in the case, it might well be doubted whether the respondent was not in laches, and the appellant discharged.
 

 It is however, alleged in the complaint that the house of Duringer, one of the indorsers, was the place of, payment. This particular allegation is not specifically and explicitly denied in the answer. Further than that, the respondent, who was examined on commission, testified that Duringer’s house was the place where the note was payable. This statement of the respondent does not appear to have been denied by the appellant, when he was called as a witness, nor does it seem to have been contradicted by any other of the testimony. Mow, although this was a place of payment not mentioned in the note, it was competent for all the parties to agree orally that the note should be payable there, so far as to make a demand of payment there, sufficient to bind the indorser.
 
 (The P. D. & Co. St. Bk.
 
 v.
 
 Hurd,
 
 12 Mass., 172;
 
 Pearson
 
 v.
 
 The Bk. of the Metropolis,
 
 1 Peters, 89.) The answer of the respondent taken on commission, was read in evidence without objection, wherein he states that Duringer’s house was the place of payment. Mor indeed, to the extent above noted, on the authority of the case last cited could it be objected to. Marshall, O. J., there states that where no place of payment is specified in a note, parol evidence may be received of an agreement of all parties to a note that a demand of the makers may be made at a certain place, and that the testimony is not open to the objection, that it is an attempt by parol proof to vary a written instrument. If the parties did agree that the house of Duringer should be the
 
 *272
 
 place of payment of the note, then the respondent used due diligence in presentment of the note, and demand of payment. For with the note he was at the house of Duringer, ready to receive payment on the day, from ten o’clock in the forenoon until in the afternoon.
 

 There is another portion of the testimony to be considered in this connection. That is, that after the note fell due, after notice to the appellant and the other indorser that it had not been paid, after demand of payment, and after the appellant -had been informed by one of the makers also that it had not been paid, the appellant said that a new note would be made, and he and the other indorser promised the respondent to pay the note, $100 of it in a few days thereafter and the rest in the following March.
 

 An indorser of a bill or note, after full knowledge of an omission to make due presentment, may promise to pay the same. Such promise will amount to a waiver , of such-presentment and bind the promissor to pay it. (Story on Bills, 4th ed., p. 460, § 373, note 1, and cases there cited.) The testimony in the case in hand does not show just how minutely the respondent informed the appellant of the facts which the respondent claimed as making a presentment and demand. It is stated that he told the appellant that he had demanded payment of the note on the day it became due at Gheektowaga, and that the same was not paid. This does not bring to the knowledge of the appellant that nothing more was done by the respondent than to go to the house of Duringer with the note, and there wait ready to receive payment. Unless that house was the place of payment, that as we have intimated above, was not sufficient, and'if not knowing that this was all that was done by the respondent, and not therefore being aware that he was not legally charged, the appellant made the promise, it would not be a waiver. The promise to work a waiver must be made with a full knowledge of all the facts.
 
 (Thornton
 
 v.
 
 Wynn,
 
 12 Wheat., 183.) The papers before us, in the case in hand, confessedly do not give us all the proceedings at the trial. There may have
 
 *273
 
 been other circumstances appearing at the trial, from which the jury might have formed a conclusion averse to the appellant. Had there been no proof at all of the manner of presentment and demand, this promise of the appellant would be presumptive evidence of a legally formal demand and notice.
 
 (Tebbetts
 
 v.
 
 Dowd,
 
 23 Wend., 379.) But there being testimony that Duringer’s house was the place of payment, which testimony was given under an averment to that effect in the complaint and is not contradicted, why is not the promise of the appellant to pay the note presumptive evidence, not only of the truth of that testimony, but also that the steps taken by the respondent in appearing ready at the house of Duringer on the day of payment, were a full compliance with the contract of the parties ? Proof of the promise, without proof of presentment and demand, would have furnished to the jury ground for the presumption that there was due presentment and notice. Surely proof that the house of Duringer was the place of payment, that there the note was presented and payment waited for, and that after the day of payment had passed, the appellant promised to pay, furnished to the jury ground for the presumption that the oral agreement of the parties had fixed that house as the place of payment, and that the action of the respondent was regular to charge the appellant.
 

 The questions upon this part of the case come up upon the motion of the appellant for a nonsuit, made at the close of the respondent’s proofs. The motion was denied, and the appellant excepted. Clearly the court would have erred, if it had taken from the jury the consideration of the question of fact presented by the testimony as to the place of payment and the new promise to pay, to which we have adverted. It was for the jury to find what the testimony expressly showed, and what inferences were to be drawn therefrom.
 
 (Tebbetts
 
 v.
 
 Dowd, supra,
 
 p. 387.) We are not able to say, from the printed case, that these questions were not committed to the jury with proper instructions as to the law. Indeed, it is to be assumed that they were, in the absence of any exception,
 
 *274
 
 to the charge of the court, and of any request and refusal to charge, presenting the points. (23 Wend.,
 
 supra.)
 
 We are to assume then, that the jury found facts and made inferences either that the house of Duringer was agreed upon by the parties as the particular place of payment, or that the appellant, with full knowledge of all the circumstances attending the presentment and demand, waived the laches if any there were on the part of the respondent, and promised to pay the note.
 

 It follows then, that the facts of the case as established by the verdict of the jury, show the appellant an indorser of the note to the respondent, and that he was responsible, as such, at the timé of the trial.
 

 We have examined the portions of the charge to the jury excepted to by the appellant, and find no error in them. And so as to the refusals to charge as requested. The points thus raised by the appellant have all been noticed by us.
 

 The judgment appealed from should be affirmed, with costs to the respondents.
 

 All concur.
 

 Judgment affirmed.