FIRST NAT. BANK *v.* MOFFATT *et al.*

(*Supreme Court, General Term, Fourth Department.* July, 1891.)

NEGOTIABLE INSTRUMENTS—NOTICE OF NON-PAYMENT—EVIDENCE.

In an action against the indorser of two notes, defendant alleged that notice of non-payment had not been given to him. The teller of plaintiff bank testified that, when each note held by plaintiff fell due and was not paid, it was handed to the cashier, since deceased, who was also a notary, and was accustomed to attend to the protesting of notes and the mailing of notices. Each of the notes sued on was indorsed "Protested," with the date and the cashier's initial, but no certificate of protest appeared. The maker of the notes made an assignment after the maturity of the notes, in which he preferred defendant to the amount of the notes on account of his indorsement. Defendant afterwards said to the person who held the notes for collection that he wanted them paid, but wished to wait until the maker's estate was closed up; that whatever came from the estate should be applied to the notes; and that he (defendant) would provide for any deficiency. At another time defendant said that he would pay the notes, and about the same time received a dividend from the maker's estate, which he applied to the notes. There was also some negotiation between him and plaintiff's representative as to how the balance should be secured. There was no evidence of any laches on the part of plaintiff. *Held,* that there was *prima facie* evidence of notice to defendant of non-payment, and it was error to grant a nonsuit.

Appeal from circuit court, Lewis county.

Action by the First National Bank of Lowville against George D. Moffatt and others on two notes made by M. M. Noble to the order of and indorsed by defendant Moffatt, payable two months from date at the bank of plaintiff, one for $700, dated September 18, 1886, and the other for $500, dated October 8, 1886. The indorser, Moffatt, alone defended, denying presentment and notice, and alleging that the estate of William McCullock, and not plaintiff, was the owner in fact of the note. The nonsuit was granted upon the ground that the evidence was not sufficient to charge defendant Moffatt as indorser. A nonsuit was granted, and plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*C. S. Mereness,* for appellant. *Merrell, Ryel & Merrell,* for respondent.

MERWIN, J. The only important question in this case for us to consider is whether the evidence was sufficient to require the submission to the jury of the question whether the proper notice was given to the respondent of the presentment and non-payment of the notes. The demand and refusal were,

as the court held, sufficiently proved. The teller of the bank testified as to each note that, when it became due and was not paid, it was handed to Mr. McCullock, who was the cashier of the bank, and was a notary, and was accustomed to attend as such to the protesting of notes and the mailing of the proper notices. Upon the back of each note there is in the handwriting of McCullock the word "Protested," and the date and the initial "M." No other certificate of protest appears, nor any other entry of the notary. McCullock died in November, 1887. Prior to May, 1887, Noble, the maker of the notes, made a general assignment, in which Moffatt was preferred on account of the indorsement of these notes. On the 26th May, 1887, Moffatt made out, verified, and presented to the assignee his claim under this preference; the amount claimed being the amount of these notes, including interest and protest fees. There is also evidence showing that in September or October, 1888, Moffatt said to the party who then had the notes for collection that he wanted the notes paid, but wished to wait until after Noble's estate was closed up; that whatever came from that estate would be applied on the notes, and he would provide for the balance, if there was any deficiency; also that in July, 1889, he said, in reference to the notes, that the notes would be paid,—that he would pay them. About this time Moffatt received from the assignee of Noble upon the closing up of the estate a dividend of $97.08, and this he paid upon the notes. There was also negotiation between him and the party acting for the bank as to how the balance should be secured, but nothing was effected. In *Tebbetts* v. *Dowd*, 23 Wend. 379, it was held that where the holder of negotiable paper has been guilty of laches, and that fact appears on the trial in an action against an indorser or drawer, the holder cannot recover on a subsequent promise without showing that the promise was made with full knowledge of the laches; but, where the fact of laches does not appear, a promise by an indorser or drawer after maturity to pay the note or bill is presumptive proof of demand and notice. The theory is said to be that presumptively a man will not promise to pay without knowing that he is liable. The evidence is received for the purpose of showing that there has been no laches. In *Meyer* v. *Hibsher*, 47 N. Y. 273, it is said in regard to such a promise that, had there been no proof at all of the manner of presentment and demand, this promise of the appellant would be presumptive evidence of a legally formal demand and notice. To the same effect is *Lewis* v. *Brehme*, 33 Md. 433; *Jones* v. *O'Brien*, 26 Eng. Law & Eq. 283; Edw. Bills, § 652; Daniel, Neg. Inst. § 1156. In *Hyde* v. *Stone*, 20 How. 175, it is said that proof of a direct or conditional promise to pay after a bill becomes due, of a partial payment, or of an offer of a composition, or of an acknowledgment of his liability to pay the bill, has been held to be competent evidence to go to a jury of a regular notice of the dishonor of the bill, and to warrant a jury in presuming that a regular notice had been given; citing many cases. In Parsons on Bills & Notes (volume 2, p. 497) the rule is said to be that an admission by the defendant of his liability, as by part payment, or by a promise to pay, supersedes the necessity of proving a protest or notice. In the present case there was no proof of laches. The plaintiff had alleged and was seeking to prove protest and notice to the indorser. Evidence was given tending to show an unconditional promise to pay, an acknowledgment of the debt, a part payment. The point was as to the effect or force to be given to this evidence. Very clearly, under the authorities above referred to, it was presumptive evidence that the indorser had been properly notified, and was sufficient to carry the case to the jury. The defendant seeks to sustain the nonsuit on the ground that the notes, after they became due, were transferred by the bank to Mr. McCullock, and afterwards retransferred by the executor of his estate to the plaintiff, and that plaintiff had no right to take such retransfer. Upon the facts before us, it cannot be said as matter of law that such transfers were made. If they were, it would at least be very doubtful whether it would be a

defense available to the defendant. *Raft Co.* v. *Roach,* 97 N. Y. 378; *Bank* v. *Savery,* 82 N. Y. 292. There was no plea of *ultra vires.*

MARTIN, J., concurs.

HARDIN, P. J. I concur in the foregoing opinion. There are cases in which a recovery may be had against an indorser, though no notice was given of the demand and refusal. *Clift* v. *Rodger,* 25 Hun, 41. Whether this is such a one can be determined upon a new trial. I agree to a reversal. Judgment reversed, and new trial ordered, costs to abide the event.