## KATHARINE C. FERRIS, RESPONDENT, v. MARY C. D. FISHER AND OTHERS, APPELLANTS.

*Former adjudication — when competent evidence — objection first raised on appeal.*

It is not necessary that the record of a former judgment should contain the testimony on which it proceeded in order to make it admissible in evidence. Nor is it any objection to a former judgment as evidence that it was taken on default, or that it was not pleaded.

Where a judgment-roll had been put in evidence, and it was assumed by the court and counsel at the trial that the judgment contained therein had been duly entered:

*Held*, that an objection to the admission of the record, on the ground that the judgment had never been entered, raised for the first time on appeal, was too late.

APPEAL by the defendants, Mary C. D. Fisher and others, from a judgment, entered in the office of the clerk of the county of Westchester on the 20th day of October, 1892, on the decision of the court on a trial at the Westchester Circuit by the court without a jury.

*Martin J. Keogh*, for the appellants.

*Wilson Brown, Jr.*, for the respondent.

PRATT, J.:

This action is brought for the partition of certain lands formerly held by Eliza H. Fisher. The complaint sets up a will and codicil made by said Eliza, and avers they were executed by her solely by

reason of undue influence and while mentally incompent to make a will. These allegations are denied by the answer.

Upon the trial the plaintiffs were allowed to put in evidence the record of a former action in partition between the same parties, but concerning other property, in which it was determined that Mrs. Fisher, at the time she made the codicil now in question, was of unsound mind, and that the codicil was, therefore, void.

The testimony taken upon the first trial is not shown, and it appears from the record of that action that when the cause was called for trial the defendants sought a postponement, which was refused by the court; whereupon an inquest was taken, the defendants not opposing further.

The findings were in the form usual in partition, reciting the determinations of law and fact, establishing the rights of the parties and directing a sale of the property.

The appellants now claim that admitting the record was error, that a judgment by default is not evidence in a subsequent action, that the testimony upon which it was rendered should have been shown, and that there is no proof that final judgment was entered upon the findings.

That the testimony is not shown upon which the first action was determined is clearly no objection to the admission of the record. The reason why a record of a former judgment is admitted as evidence, is that parties may not be burdened with proving the fact a second time. If the testimony upon which a judgment went must again be produced, a principal benefit of the rule of *res adjudicata* would be lost. Nor is it any objection that the judgment was taken upon default. The inference to be drawn from a failure to prove a defense is that no defense exists.

The plaintiff who brings a suit may reasonably expect to settle the facts in that action. If a defendant, by refusing to answer, could deprive the plaintiff of the benefits of his action it would be apt to work injustice.

To the suggestion now made that a final judgment is not shown to have been rendered in the first action, it may be answered that the objection is late. When the record was offered it seems to have been assumed by counsel and the court that judgment had been entered. The case recites that plaintiffs put in evidence " judgment-

roll" in action No. 1; that the "judgment-roll" was marked as an exhibit. Then follows the admission, by counsel, that "the judgment in action No. 1 was taken upon default, as appears from the judgment-roll itself." And at defendant's request the court finds that "the judgment" in action No. 1 was taken by default.

If we are to give language its ordinary significance we must consider that the entry of judgment was tacitly if not expressly conceded. Now we are asked to assume on appeal that no judgment has been entered.

If defendants intended to require more proof that the final judgment had been entered, the attention of counsel and court should have been called to the supposed defect in evidence. If it be that the evidence is deficient in that respect, we think the defect was waived.

The appellants also object that the former judgment not being pleaded could not be admitted in evidence and cites authorities that where a former adjudication is relied on as a "bar" it must be pleaded or it is not admissible. Had there been a previous determination between the parties of their rights in the property now in suit, that would be a "defense" or "bar" to this action. Like other defenses that would require to be pleaded. Like other defenses, if not pleaded, it could not, if objected to, be proved.

In the present case defendants have not pleaded that any previous determination has been had of the rights of the parties in this property. On the contrary, it is admitted that the previous litigation concerned other property. The record was not offered in "bar" of this suit, but in its support. To plead evidence is contrary to the present rules. The plaintiff pleaded that the codicil in question was executed by the testator when of unsound mind, and was, therefore, void; and proved that allegation by producing the record wherein it had been so adjudged in a previous action between the parties. When received in evidence it was conclusive.

The judgment must be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.