(4 Misc. Rep. 63.)

CLARK v. TRYON et al.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. NOTES—PRESENTMENT AND NOTICE—PLEADING AND PROOF.
     A complaint in an action against the indorser of a note, containing the usual allegations of demand, nonpayment, and notice of dishonor, admits and is sustained by proof of a promise to pay, made by the indorser after maturity of the note, and with full knowledge of laches on the part of the holder in giving notice of dishonor. 21 N. Y. Supp. 1075, reversed.

2. SAME—TRANSFER AFTER DISHONOR.
     One acquiring the note after dishonor was entitled to avail himself of defendant's waiver of laches.

3. SAME—TITLE OF INDORSEE.
     The indorsement of the note to plaintiff after dishonor, under an agreement that he should bring action on it, and give credit for whatever might be collected, invested plaintiff with the legal title to the note, and authorized him to sue on it.

Appeal from city court, general term.

Action by Bernard S. Clark against Frank Tryon and others on a promissory note, on which defendant Tryon was indorser. From a judgment of the general term of the city court (21 N. Y. Supp. 1075) reversing a judgment for plaintiff entered on a verdict, plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Francis M. Scott, for appellant.

Hahn & Myers, (E. J. Myers, of counsel,) for respondents.

BOOKSTAVER, J.  This action was brought against defendant, as indorsee upon a promissory note made by C. B. Keogh & Co., and the complaint averred presentment, demand for and non payment, due protest, and notice to the defendant.  The answer, with affidavit in due form, puts in issue the failure to protest, and notify the defendant, as indorsee, of the presentment and refusal to pay.  On the trial the plaintiff gave no direct evidence of actual presentation, protest, and notice of dishonor, but in place thereof introduced a letter written by the defendant to the Kentucky Union Lumber Company, his indorsee, in which he complained that he had not received notice of protest in proper season, but stated that he would not take any advantage of the failure of the notice of protest, and would pay the note, if insisted upon.  The trial court admitted this letter, under defendant's objection that the action was brought upon a promissory note against an indorser upon allegations of demand, nonpayment, and protest, which had not been proved, and that it was not admissible, under the pleadings; they being founded upon the theory of a protest, and not for a subsequent promise to pay.  The court, in effect, held that the letter was sufficient evidence of the demand and notice alleged in the pleadings, and constituted a waiver of any defense the defendant might otherwise have asserted by reason of the alleged laches in protest.  The defendant appealed to the general term of the city court, and the particular point of contention there was that the letter referred to was inadmissible, under the pleadings.  Upon this ground, alone, was the judgment reversed by the city court, and the question before us for consideration is whether or not, in a complaint against an indorser of a promissory note, the usual allegation of demand, nonpayment, and notice of dishonor admits and is sustained by proof of a promise to pay made by the indorser after maturity of the note, and with full knowledge of real or alleged laches on the part of the holder in giving notice of dishonor.

It is elementary law that as a general rule, in order to charge the indorser of a promissory note, it is necessary to allege and prove presentment of the note at maturity, and due notice to the indorser of its nonpayment.  There are, however, cases in which it is not necessary to give notice of dishonor to an indorser, and in such cases it is not necessary either to allege or prove such notice; for instance, where the indorser before maturity has waived notice, or where he has taken an assignment of the maker's property, or other circumstances exist which excuse notice.  In all such cases the complaint must contain a statement of the facts, and as notice cannot be alleged it is necessary to allege the reasons why notice was not given, and the facts relied upon to excuse such notice.  It is evident that the court below regarded this as one of those cases, for the learned judge who delivered the opinion of the court stated the question on this appeal to be, "Can the plaintiff, declaring

against the indorser on presentation and protest of a promissory note in due form, excuse for failure to protest, without any averment of that character in the complaint?" and then cites Clift v. Rodger, 25 Hun, 39; Garvey v. Fowler, 4 Sandf. 665. In the first of these cases the plaintiff failed to prove the notice of dishonor, and sought to recover by showing that no notice was necessary; and the case turned on the question whether an averment of performance will or will not be sustained by proof of legal excuse for nonperformance, and, of course, was decided in the negative. The second case cited is authority only for the proposition that in an action upon a bank check the fact that the defendant had no money in the bank was a circumstance tending to dispense with demand and notice, and should be pleaded. Crandall v. Clark, 7 Barb. 169, might also have been cited as sustaining the position; but it only sustained the familiar doctrine that, under a pleading alleging the performance of a condition precedent, it is improper to admit evidence tending to show a dispensation with such performance.

But we think that the court below misapprehended the true question to be determined upon this appeal, on the facts as developed on the trial. It seems to us that the question is whether or not an unconditional promise to pay a bill or note, made by the indorser after dishonor, and with full knowledge of real or alleged laches, is admissible as legal evidence of due presentment and notice. The record does not disclose that plaintiff offered any evidence to show waiver of presentment and notice, or any excuse for nonpresentment and nonnotice, but on the contrary it shows that the plaintiff admits the defendant was entitled to due notice of the nonpayment of the note, and maintains that the note was in fact presented for payment, and that the defendant in fact received due notice of its nonpayment, and the evidence offered by him, consisting of defendant's promise that he would not take any advantage of the failure of notice of protest, and would pay the note, was offered, not in derogation of the allegations of the complaint, but in support of them. It is not denied on the part of the defendant that the new promise contained in the letter continued and restored his liability as indorser, but he contended that it was not admissible under the pleadings. That the evidence would have been sufficient, if pleaded, and would in that event have obviated the necessity of any other proof, is conceded by the defendant, and the whole question at issue, therefore, resolved itself into one of pleading, and of the evidence admissible under the pleadings. The Code provides that the complaint shall contain a plain and concise statement of the facts constituting each cause of action; and it has been frequently held that the words, "facts constituting a cause of action," mean those facts which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of the facts. In other words, what the pleader is called upon to allege in the complaint are the substantive facts constituting the cause of action, and not the evidential facts from which the existence of the substantive facts are to be inferred. In the case before us the

substantive facts are the due presentment of the note, and timely notice of its nonpayment. The evidential fact is that after dishonor of the note, and with knowledge of its dishonor, and a belief that there had been laches in giving the notice, the defendant unconditionally promised to pay the note. The distinction between substantive facts and evidential facts is illustrated in the case of Ferris v. Fisher, 67 Hun, 134, 21 N. Y. Supp. 1114, where, in a partition suit, the complaint set up a will and codicil, and alleged that the testator executed them by reason of undue influence, and while mentally incompetent to make a will. To prove this incompetency the plaintiff was allowed to put in evidence a judgment between the same parties by which the mental incompetency of the testator was determined. The court said:

"The appellant also objects that the former judgment, not being pleaded, could not be admitted in evidence, and cites authorities that where a former adjudication is relied on as a bar it must be pleaded, or is not admissible. * * * The record was not offered in bar of the suit, but in its support. To plead evidence is contrary to the present rules. The plaintiff pleaded that the codicil in question was executed by the testator when of unsound mind, and was therefore void, and proved that allegation by producing the record wherein it had been so adjudged in a previous action between the parties. When received in evidence, it was conclusive."

Mr. Daniel, in his work on Negotiable Instruments, (volume 2, § 1157,) makes this distinction very clearly, and gives the reasons for it:

"A failure to discriminate between the promise to pay as a waiver of demand and notice, and as a waiver of proof of demand and notice, has led to much confusion in the adjudicated cases. There is certainly great force in the view that a distinct promise to pay, made after maturity, ought to be regarded either as conclusive evidence that there was due demand and notice, which the promisor is estopped to rebut, or as an absolute waiver of all proof to that effect. But a majority of the cases consider it prima facie evidence of demand and notice merely, and open to rebuttal, and that if the defendant does rebut it with evidence of laches the plaintiff must rejoin with proof that the defendant had knowledge of the laches, his position being shifted from a reliance on his own diligence to proof that his negligence was waived. * * * The order in which the burden of proof shifts, and is borne, may therefore be stated as follows: (1) Plaintiff must prove demand and notice; (2) by proving a promise to pay after maturity, this proof, prima facie, is supplied; (3) defendant rebuts this proof by showing laches in respect to demand and notice; (4) plaintiff makes sufficient rejoinder by showing that defendant had knowledge of laches when promise to pay was made."

In this case this practice was followed, almost exactly, except that the promise to pay after maturity, and the knowledge of the laches at the time the promise was made, were proved simultaneously by the same letter, which of course rendered immaterial and incompetent any evidence on the part of the defendant as to the laches themselves. The rule thus laid down by Mr. Daniel is abundantly supported by authorities in this and other states of the Union, as well as the federal courts. In Tebbetts v. Dowd, 23 Wend. 379, Judge Cowen, who wrote the opinion, said: "The question is whether an explicit promise by a drawer or an indorser of a bill or note will, of itself, dispense with the usual direct proof

of regular demand and notice. That it will, has been the stated and undisputed law, as understood and acted upon at Westminster Hall for more than a century,"—and then goes on, in a very elaborate and learned opinion, to a discussion of all the cases, both in England and in this state, which had been decided down to that time, and arrives unhesitatingly at the conclusion, both upon principle and authority, that the promise by an indorser of a bill or note, to pay the same, accompanied by a knowledge of laches either in the presentation or the notice of dishonor, would of itself dispense with the usual direct proof, demand, and notice, and constituted conclusive evidence that due demand and notice had been given. In the same case, Judge Bronson, after stating that he was at first inclined to hold a contrary view, said:

"On proof of a promise by an indorser, with knowledge that he was not liable on the bill, the holder may recover; not, however, on the ground that the indorser is bound by the promise, as matter of contract, for it wants consideration, but on the ground that the promise amounts to a waiver of the objection that the proper steps had not been taken to charge the indorser."

In Meyer v. Hibsher, 47 N. Y. 265, the complaint alleged the maturity of the note, its presentment at the place of payment, demand of payment, refusal to pay, and due notice to the indorser of its nonpayment. After the note fell due, and after the appellant had been informed by one of the makers that the note had not been paid, he (the appellant) stated that a new note would be made, and he and the other indorser promised the respondent to pay the note. The court said:

"An indorser of a bill or note, after full knowledge of an omission to make full presentment, may promise to pay the same. Such promise will amount to a waiver of such presentment, and bind the promisor to pay it. * * * Had there been no proof at all of the manner of presentment and demand, this promise of the appellant would be presumptive evidence of a legally formal demand and notice. * * * Proof of the promise, without proof of presentment and demand, would have furnished to the jury grounds for the presumption that there was due presentment and notice."

See, also, Ross v. Hurd, 71 N. Y. 14-18; Trimble v. Thorne, 16 Johns. 152; Duryee v. Dennison, 5 Johns. 248; Patterson v. Stettauer, 40 N. Y. Super. Ct. Rep. 54; Sherman v. Clark, 3 McLean, 91.

Bank v. Moffatt, (Sup.) 15 N. Y. Supp. 389, was decided by the same general term which decided Clift v. Rodger, supra, and in that case the question here presented arose directly. The defendant, Moffatt, being the indorser of a promissory note, defended, denying presentment and notice; and, to sustain the allegations of the complaint, proof was offered that the defendant, Moffatt, after the dishonor of the notes, and with knowledge of such dishonor, had made a promise that he would pay them. The court, quoting with approval Tebbetts v. Dowd and Meyer v. Hibsher, supra, as well as other cases, said:

"The plaintiff had alleged, and was seeking to prove, protest, and notice to the indorser. Evidence was given tending to show an unconditional promise to pay; an acknowledgment of the debt; a part payment. The point was as to the effect or force to be given to this evidence. Very clearly, under

the authorities above referred to, it was presumptive evidence that the indorser had been properly notified, and was sufficient to carry the case to the jury."

And in Bank v. Lyman, 1 Blatchf. 297, affirmed 12 How. 225, the court said:

"It has been often held that part payment, a promise to pay, or an acknowledgment of liability by the indorser after the note became due, is prima facie evidence, not only of notice, but of presentment."

See, also, Thornton v. Wynn, 12 Wheat. 183; Hyde v. Stone, 20 How. U. S. 125.

The same rule also prevails in Connecticut. In Camp v. Bates, 11 Conn. 487, the very question under consideration was decided. The action was upon a promissory note, and the declaration alleged demand, and notice of nonpayment. The defendant, answering, alleged no demand, whereupon the plaintiff read in evidence a writing signed by defendant, in which he acknowledged that plaintiff made due demand of the maker, and gave to the defendant, as indorser, legal notice, and that he (the defendant) was bound for the payment of the note, as indorser. It appeared that in point of fact no demand or notice had been given, and that the writing had been signed for the purpose of supplying the deficiency; and the judge charged that if the jury should find that the defendant subscribed the writing with full knowledge that no demand of payment had been made, and no notice of nonpayment had been given, it amounted to a waiver of the consequences of such neglect to make demand and give notice, and was admissible under the averment in the declaration that a demand had been made, and notice given. Upon this point an appeal was taken to the supreme court, which sustained the ruling of the trial judge, and said:

"The latitude of proof which is allowed the plaintiff under declarations so drawn is not opposed to any technical rule of pleading, but is founded on a very obvious principle. It is this: The proof offered of a waiver is not strictly matter in excuse, but of facts which in their legal effect, and by the customs of merchants, are equivalent to a demand and notice. Nor does it change the contract of the indorser (which is that he will pay the note provided the holder made due demand, and gave due and reasonable notice,) and created a liability, at all events, whether such a demand be made, and notice given, or not, but merely shows that the defendant has waived the performance of a condition made or implied for his benefit."

See, also, Chit. Bills, p. 501, § 503; Story, Prom. Notes, § 359; Bayley, Bills, 375, 376, citing Lundie v. Robertson, 7 East, 231; 2 Greenl. Ev. pt. 4, § 196; Tied. Com. Paper, § 365; Hicks v. Beaufort, 4 Bing. N. C. 229; Lewis v. Brehme, 33 Md. 412; Hopley v. Dufresne, 15 East, 275; Oglesby v. Stacy, 10 La. Ann. 177; Bank v. Grimshaw, 15 La. 340.

We have the more carefully examined this case because our first impression was favorable to sustaining the view taken by the general term of the city court, and at first sight it seemed, under the system of pleading we have in this state, that the facts should have been alleged in order to permit the plaintiff to avail himself of them. But an examination of the authorities leads us to be-

lieve that they are, in substance and effect, pleaded, and that the letter was properly admissible. The distinction between a waiver and dispensation of notice given before maturity, and a waiver of the proof of presentation and notice made after maturity, is clear. In the former case the waiver is used as excuse for nonpresentment and nonnotice, and must therefore be pleaded. In the latter case the waiver is received as evidence of due presentment and notice, and should not be pleaded, because it is the province of the complaint to state facts, and not the evidence which will establish those facts. On this trial the defendant did not make any attempt to show that he had not full knowledge of the laches when he made the promise to pay the note, nor did he ask to go to the jury on that point, nor request the judge to submit the question of notice to them.

The plaintiff, although he acquired the note after dishonor, was entitled to avail himself of the defendant's waiver of laches. While it is true that the plaintiff took this note subject to all equities and defenses which the defendant might have availed himself of if the action had been brought by the Kentucky Union Lumber Company, so it is equally true that all intendments and assurances which the Kentucky Union Lumber Company could have availed themselves of in an action against the defendant have inured to the plaintiff. In other words, he stands precisely where the Kentucky Union Lumber Company would have stood, had it sued upon the note. Williams v. Matthews, 3 Cow. 252, 260; Britton v. Hall, 1 Hilt. 528; Miller v. Talcott, 54 N. Y. 114; Tied. Com. Paper, § 295; Chit. Bills, 503, citing Potter v. Rayworth, 13 East, 417; Kennon v. McRea, 7 Port. (Ala.) 175.

We also think the plaintiff was the lawful owner and holder of the note, and entitled to maintain the action and recover judgment thereon. The evidence was that after dishonor the note in suit was indorsed over to the plaintiff by the lumber company as part of a large sum sent to go to the credit of a large debt. The agreement between the company and the plaintiff was that the plaintiff should collect the note, and retain whatever he might collect upon it, giving the Kentucky Lumber Company credit upon its indebtedness for whatever might be collected, thus canceling pro tanto the indebtedness of the Kentucky Company. While this transaction did not make the plaintiff, technically speaking, a bona fide holder, so as to cut off any equities, if such existed between the defendant and the lumber company, it invested the plaintiff with the legal title to the note, and authorized him to bring suit and recover judgment thereon. Cummings v. Morris, 25 N. Y. 625; Hays v. Hathorn, 74 N. Y. 486; Freeman v. Falconer, 45 N. Y. Super. Ct. 383; Green v. Swink, 9 N. Y. St. Rep. 646.

The exceptions taken by the defendant on the trial may be grouped under three heads: (1) Those which have reference to the admissibility and conclusiveness of defendant's letter as evidence; (2) those which have reference to the bona fides of the plaintiff's ownership of the note in suit; and (3) that which had

reference to an alleged conversation with a Mr. Bostwick. As to the exceptions taken on the first head, the principle on which they rest has been discussed in considering the main question involved on this appeal, and they fall with the defendant's contention. As to the exceptions to the second class of evidence offered, the proof showed that plaintiff was the lawful owner of the note, and whether or not he was, technically speaking, a bona fide owner, was immaterial, as no equities between defendant and the lumber company were asserted, or even suggested, on the trial. As to the exceptions to the alleged conversation with Mr. Bostwick, it clearly appeared from defendant's own testimony that Mr. Bostwick was merely a selling agent of the lumber company, and was not authorized to bind it. The judgment of the general term of the city court should therefore be reversed, and the judgment of the trial term affirmed, with costs of the appeal in the court below and in this court to the appellant. All concur.