(17 Misc. Rep. 274)

### HARRAL v. STERNBERGER et al.

(City Court of New York, General Term. June 30, 1896.)

NEGOTIABLE INSTRUMENTS—ACTIONS ON—PROOF OF DEMAND AND NOTICE.
    Proof of an indorser's promise to pay the note after maturity shows prima facie that notice of nonpayment was given to him.

Appeal from trial term.

Action by William W. Harral, Jr., against Clarence S. Sternberger and others, on a promissory note. From a judgment entered on a verdict in favor of plaintiff, defendant Sternberger appeals. Affirmed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

Edwin M. Wight, for appellant.
William Stone, for respondent.

VAN WYCK, C. J. The appellant was sued as the payee indorser of a promissory note, and the complaint alleged due demand of payment, refusal, and notice thereof to this defendant (appellant). At trial, plaintiff was allowed, against appellant's objection, to prove an oral promise, made after maturity by appellant, to pay this note; and appellant himself, although denying that he had so promised, stated that, at the time of the conversation which plaintiff contended made the promise, he was informed by plaintiff that the note had not been presented for payment, nor had it been protested. The appellant, at close of plaintiff's case, and also after he (defendant) had rested, moved to dismiss, on the ground that there had been no presentment and demand, and no notice of presentment and nonpayment or notice of protest given to appellant. This motion was properly denied, and the case was submitted to the jury, to determine whether appellant had promised to pay the note after maturity,

with knowledge that the note had not been presented for payment at maturity, and was then dishonored.    The jury, disbelieving the appellant, found for plaintiff, and their verdict should not be disturbed.    The rule is that, as against an indorser, plaintiff must prove demand and notice; but, by proving the indorser's promise to pay after maturity, this proof is prima facie supplied; and, if the indorser rebuts this proof by showing laches in respect to demand and notice, then the plaintiff makes sufficient rejoinder by showing that the indorser had knowledge of the laches when he promised to pay.    The proofs and the jury's finding bring this case within that rule.    Clark v. Tryon (Com. Pl.) 23 N. Y. Supp. 780.

The judgment and order must be affirmed, with costs.    All concur.