(33 Misc. Rep. 613.)

MOORE v. ALEXANDER et al.

(Supreme Court, Special Term, New York County. January, 1901.)

BILLS AND NOTES—INDORSEMENT—DEMAND ON MAKER—NOTICE TO INDORSER.
An allegation that the maker of the note in suit was a foreign corpora-
tion, and that at the time of execution of the note all the corporate prop-
erty was transferred to a trustee to secure the indorser, was not suf-
ficient to excuse the failure to demand payment of the maker, and to
serve notice of nonpayment on the indorser, in the absence of an averment
that the corporation was actually out of existence, so that a demand would
be futile.

Action by George W. Moore against James W. Alexander and an-
other. Demurrer to the complaint sustained.

Harmon & Mathewson, for plaintiff.
Charles B. Alexander, for defendants.

BISCHOFF, J. The demurrer upon the ground of a defect of
parties having, apparently, been waived, but a single question of law
is presented. The action is brought by an indorsee of a promissory
note against the personal representatives of an indorser, and the
inquiry relates to the sufficiency of the allegations to excuse the
plaintiff's omission to make demand upon the maker, and to give
notice of nonpayment to the indorser, as a condition of the enforce-
ment of the demand against the latter. It is not questioned, nor
open to question, that, unless excused, the failure of demand and
notice is fatal to the plaintiff's case; and to establish that excuse
it is alleged that at the time of the making of the note the maker
(a foreign corporation) transferred all of its property to a trustee
"as collateral security for the payment thereof, and also to effectually
secure and indemnify the said Henry B. Hyde [this indorser] for or
on account of any assignment, indorsement, or guaranty of said
note." It is further alleged that the corporation maker then be-
came and remained "practically defunct," and did not exercise its
corporate functions. Examination of the authorities discloses a
conflict of opinion between the courts of this and of other juris-
dictions upon the point whether the taking of an assignment, by the
indorser, of all the maker's property, without an attendant agree-
ment to the effect that the indorser makes the debt his own, will oper-
ate to excuse demand and notice. The underlying principle is, how-
ever, that demand and notice may be dispensed with when the
omission cannot, by any possibility, harm the indorser (Mechanic's
Bank v. Griswold, 7 Wend. 166, 168), and the cases in this state are
to the effect that, where the indorser has already taken everything
of which the debtor is possessed, he cannot be harmed if no demand
is made. Taylor v. French, 4 E. D. Smith, 458; Clark v. Tryon, 4
Misc. Rep. 63, 23 N. Y. Supp. 780, 781; Gawtry v. Doane, 48 Barb.
148. To give this effect to the assignment, however, there is one
element which must be present,—that is, the immediate right of the
indorser to apply the property assigned when payment is demanded
of him, without further question from the maker; otherwise, the
omission of demand and notice would certainly harm the indorser

by changing his obligation to a primary one without warrant. In the present case the transfer of the maker's property was made, not to the indorser, but to a trustee, at the time of the delivery of the note, "as collateral security" for its payment, as well as to indemnify Mr. Hyde for or on account of his future indorsement. Mr. Hyde was the payee of the note, and it is evident that the assignment thus described was to afford collateral security for the maker's payment, according to the terms of the instrument, or, if Mr. Hyde transferred the note and incurred liability by reason of his indorsement, to indemnify him. Here the question naturally is, to indemnify him for what? Certainly not for the consequences of an agreement by him to become primarily liable, since he made none; and he incurred no liability sufficient to enable him to demand the "indemnity" from the trustee until that liability was fixed by law, which could not be until the maker's rights, as against the trustee, were also determined by its refusal of the demand for payment by the holder of the note. It may well be that an indorser in absolute possession of the maker's property may be assumed to have consented to pay the note himself, but I am referred to no authority for the proposition that a bare assignment of the maker's property to a trustee to indemnify the indorser, without an agreement whereby he may have recourse to the fund at once upon his payment, would suffice to excuse presentment and notice. The case of Denny v. Palmer, 5 Ired. 610, is in point, and the reasoning employed is, to my mind, persuasive. See, also, 2 Daniel, Neg. Inst. (4th Ed.) § 1141. In the absence of allegations showing that the corporation maker was actually out of existence, and that, accordingly, no demand upon it could be made, this complaint cannot be viewed as stating a cause of action.

Demurrer sustained, with costs; leave to amend, on payment of costs, within 20 days.